## Thompson *against* Lee.

The purchaser of a chattel for a valuable consideration will not be prejudiced in his title by the fraud of him from whom he purchased, of which he had no notice.

ERROR to the Common Pleas of *Clearfield* county.

This was an action of trespass by James Thompson against William Lee, to recover the price of a pair of oxen taken by the defendant. The defendant, who was a constable, justified under an execution at the suit of Peter Kenter against Seth Moore. The oxen had belonged to Seth Moore, who transferred them to Henry Hileman, who transferred them to the plaintiff. The transfer from Moore to Hileman was alleged to be fraudulent; and the question arose how far that fraud, if proved to the satisfaction of the jury, would affect a *bonâ fide* purchaser without notice of it. The court below thus instructed the jury upon that point:

" The plaintiff's point relative to notice to Thompson as an innocent purchaser, is disposed of necessarily by the disposition that has been made of the above question; but we will say, that if a case of legal fraud had been made out, and Thompson were an innocent purchaser for a valuable consideration paid without any notice of the legal fraud, he could hold the property so purchased. But the defendant alleges that the sale of Moore to Hileman was actually fraudulent, and did not devest Moore's property in the oxen; that it was a colorable delivery of the property to Hileman, without actually parting with the title. Now, if you are satisfied from all the evidence in the case, that there was no transfer of the title by Moore to Hileman, and that the oxen were placed in Hileman's hands merely to cloak them from Moore's creditors, the transaction was fraudulent, and Thompson took no title by his purchase of Hileman, and the constable was pursuing the command of his writ when he levied on them as Moore's property, and the plaintiff cannot recover. But actual fraud must be proved, and is not to be presumed. Under the evidence, it is for you to say, whether Moore's title was devested and transferred to Hileman. If it was, the plaintiff should recover the value of the oxen. If it was not, your verdict should be for the defendant."

This direction was the subject of the error assigned.

*Smith,* for plaintiff in error, argued that a *bonâ fide* purchaser for value, without notice of the fraud, took a title clear of it. 1 *Ashmead* 129; 8 *Johns* 515; 8 *Watts* 492; 2 *Mason* C. C. 252;

[Thompson v. Lee.]

14 *Mass.* 245; 2 *Pick.* 184; 3 *Penn. Rep.* 164; 3 *Whart.* 396; 17 *Serg. & Rawle* 101.

*Wallace* and *Blanchard, contra.* If the transfer to Hileman was fraudulent and void, he took no title to the property, and therefore could give none to the plaintiff. 6 *Watts* 53; 10 *Watts* 397; 8 *Serg. & Rawle* 144; 3 *Penn. Rep.* 83, 129.

PER CURIAM.—As regards proof of legal fraud and its consequences in respect to the rights of a purchaser without notice of it, the jury were clearly and accurately instructed; but in the distinction attempted between legal and actual fraud in this particular, the instruction was erroneous. It is an elementary principle, that a purchaser for value, and without notice of fraud by him under whom he claims, shall not be prejudiced in equity; it is thus laid down in *Fonb. Eq. B.* 2, *ch.* 6, § 2, (*note h*); and if he is not to be prejudiced in equity, *à fortiori*, he cannot be at law where the legal title passes in the first instance. Indeed, since the statute of Eliz. has been so construed as to make a contract forbidden by it an absolute nullity in respect to the interest attempted to be defrauded, if there were a distinction at all, one would suppose that the purchaser would be prejudiced rather by the legal than the actual fraud of his vendor. But no distinction has been made in practice; and a *bonâ fide* purchaser is protected from the consequences of every fraud whatever. Indeed the statutes of Elizabeth have been thought to be only declaratory of principles which the common law would have established without their assistance. The misdirection in this particular, ruled the cause against the purchaser, and it is necessary to send it to another jury.

Judgment reversed, and *venire de novo* awarded.