## Kaseman et al. v. Deitrick, Chairman

*Daniel W. Kearney*, for plaintiffs.
*Daniel F. Martini*, for defendants.
*James R. English*, for intervening defendants.

FORTNEY, P. J., August 11, 1952.—An action in mandamus was filed March 28, 1952, by six employes of this county, who are also members of the Northumberland County Retirement System. They seek to set aside the election of a members' representative to the Northumberland County Retirement Board for the 1952-53 terms. The basis of their complaint is that the chairman of the board illegally permitted members to vote by proxy, which action resulted in the election of one, Harvey Boughner, and the defeat of one, Raymond Kaseman, as such members' representative. Defendant, Dr. George A. Deitrick, chairman of the Northumberland County Retirement Board, on May 16, 1952, filed his answer to this complaint.

Prior to taking testimony, five employes of this county, who were likewise members of the Northumberland County Retirement System, petitioned to intervene as parties defendant. Plaintiffs filed their answer to this petition, objecting to the intervention. This is the matter presently before us for disposition. It was stipulated by counsel that the hearing required

by Rule 2329 of the Rules of Civil Procedure shall be waived and the matter determined from the admitted facts in the pleadings.

The admitted facts establish that a meeting of the county employe members of the Northumberland County Retirement System was held February 27, 1952, for the purpose of electing a county employes' representative. The proposed intervenors were not personally present but voted for their choice by proxy. The petitioners now contend that in the event this court decides that the use of proxies at the election was illegal, they will be deprived of their right to a voice in the selection of their representative. Consequently, a legally enforceable interest of petitioners will be affected, and under Rule 2327(4) of the Rules of Civil Procedure they should be permitted to intervene.

Plaintiffs contend that petitioners are not proper parties to intervene and ask that the petition be dismissed (under rule 2329(1)) because the defense of petitioners is not in subordination to and in recognition of the propriety of the action. The criterion of whether this requirement has been violated is whether the applicant for intervention is seeking to go beyond what is needed for the protection of his own interest and is intermeddling in the affairs of other parties. We do not believe under the facts herein this position is tenable: Commonwealth ex rel. Chidsey, et al., v. Keystone Mutual Casualty Company, 366 Pa. 149, 153.

Intervention is a proceeding by which one not originally made a party to an action or suit is permitted, on his own application, to appear therein and join one of the original parties in maintaining his cause of action or defense, or to assert some cause of action in favor of the intervenors against some or all of the parties to the proceeding as originally instituted:

Tonkonogy v. Levin et al., 106 Pa. Superior Ct. 448. The question of intervention is a matter within the sound discretion of the court: Darlington et al. v. Reilly, Trustee, et al., 363 Pa. 72.

In the instant case, the Act of August 5, 1941, P. L. 803, as amended, 16 PS §332.2, creating the county retirement system and county retirement board, provides that one county employe shall be selected from time to time by the county employes for a term of two years as a member of the board. This act additionally provides each member of the retirement system shall be required to contribute to the fund a certain percent of his salary. The county retirement board when chosen has, inter alia, the duty of investing and reinvesting the funds, as well as the determination of who shall receive the retirement. The importance of the selection of the members' representative is immediately apparent. Petitioners, as members of the county retirement system, have a right to participate in the selection of their representative, as well as substantive right in the funds of the system. It follows that they have a legally enforcible interest which may be affected by the determination of the principal question in this mandamus action: Andrews v. New Bethlehem Window Glass Company, 268 Pa. 565.

In the exercise of the discretion necessarily vested in us in applications of this nature, we are of the opinion that the petition to intervene should be allowed. Hence, the following

### Order

And now, August 11, 1952, the rule heretofore granted on the petition to intervene is made absolute and the petition to intervene is allowed. The intervenors are directed, within 15 days from this date, to file whatever pleadings they deem necessary.