## Dahl v. Wooster (No. 1)

*Keller & Luxenberg*, for plaintiff.

*Morris & McKim*, for school district.

POWERS, J., June 5, 1957.—This matter comes before the court upon the petition of the School District

of the Borough of Ellwood City seeking to intervene in the action of quo warranto instituted by Oscar A. Dahl, plaintiff, against Clara Wooster, defendant.

There is no serious dispute about the facts. Howard E. Wilson, the duly elected tax collector in the Borough of Ellwood City, died on January 27, 1957. On February 7, 1957, the council of the Borough of Ellwood City, by resolution adopted pursuant to the Borough Code, appointed plaintiff, Oscar A. Dahl, to the office of tax collector to fill the unexpired term of Howard E. Wilson, deceased. The school board was duly notified in writing by the secretary of the Borough of Ellwood City of the appointment of Mr. Dahl as tax collector, and thereafter Mr. Dahl took the oath of office and made a written request of the school board to fix the amount of his bond.

On February 14, 1957, the board of directors of the school district appointed Clara Wooster, defendant, as collector of taxes, and thereafter plaintiff instituted the present action of quo warranto.

At the oral argument, counsel for petitioner stipulated on the record that Mr. Dahl, plaintiff in this action, was a qualified elector, that he could post bond and the school board had no doubts as to his integrity, qualifications and ability as a tax collector.

The board of directors of the School District of the Borough of Ellwood City has no such interest in this matter as to permit it to become a party defendant. Petitioner asserts that it is justified in intervening in this action under the provisions of Pa. R. C. P. 2327 (3) and (4), which provide as follows:

"(3) such person could have joined as an original party in the action or could have been joined therein; or

"(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

In order to determine the application of the rules to this action, we must first examine the purpose of the action of quo warranto. The Act of June 14, 1836, P. L. 621, provides that the action of quo warranto may be issued in the following cases: (1) In case any person shall usurp, intrude into or unlawfully hold or exercise any county or township office within the respective county, and; (2) in case any person duly elected or appointed to such office, shall have done, suffered or omitted to do, any act, matter or thing whereby a forfeiture of his office shall by law be created.

The cases are uniform in holding that the quo warranto is the exclusive remedy to try title to a public office. See Brinton v. Kerr, 320 Pa. 62; Commonwealth ex rel. Davis v. Blume, 307 Pa. 406.

Thus the action to try title to the office, in this case of tax collector of the Borough of Ellwood City, lies exclusively between the adverse claimants, plaintiff and defendant in this case.

The board of directors of the school district has only one interest, namely the collection and remittance of taxes. It is not and should not be concerned with the question of personalities. To permit it to intervene would be merely to allow the school district to champion defendant's cause since it is admitted that plaintiff is qualified to perform the acts of tax collector.

To have a legally enforceable interest must be such that defendant will be affected in its legal rights by the judgment of the court. The only judgment that the court could render in this action is that either plaintiff or defendant lawfully holds the office of tax collector in the Borough of Ellwood City. This in no way affects the interest of petitioner.

In Mellon's Estate, 347 Pa. 520, the court held that the Commonwealth was not entitled to intervene in an action merely by virtue of its being the Commonwealth

nor may it intervene if its interest in the proceeding is remote and indirect. Further, that the court was not bound by the mere statement of counsel that it possessed an adequate interest. The petition in this case does not set out any legally enforceable interest of the school board and the mere statement of such interest is a conclusion of law and insufficient.

4 Anderson Pa. Civ. Prac., in the note to rule 2327 cites, on page 517, the following with reference to interest necessary to permit intervention:

"The interest justifying intervention must be a right or liability recognized and enforceable at law or in equity as distinguished from an economic motive or interest in seeing one litigant or another prevail in the proceedings . . .", citing Andrews v. New Bethlehem Window Glass Co., 268 Pa. 565; Appeal of Philadelphia & Reading Coal & Iron Co. (No. 2), 22 D. & C. 475; Farmers' Mutual Insurance Company v. New Holland Turnpike Company, 122 Pa. 37; Tonkonogy v. Levin, 106 Pa. Superior Ct. 448. See also Sherman v. Yiddisher Kultur Farband, 375 Pa. 108.

Our examination of the cases of the action of quo warranto where the conflict is between two persons claiming title to the same public office does not disclose a single case wherein the municipality has been a party, either plaintiff or defendant, nor has the court in any instance permitted an intervention by the municipality. Since this action is one to determine who lawfully holds the office of tax collector in the borough, neither the borough as a municipal entity nor the school district as a municipal entity could have been joined as a party plaintiff or a party defendant and rule 2327(3) has no application in this matter.

The counsel for petitioner in his oral argument stated that the school district may "sue and be sued". This is a correct statement of the law provided the suit by or against the school district is in protection

or defense of the public rights which it represents. Its power to sue or be sued cannot be used for the furtherance of a private interest, which in this case is the interest of defendant, Clara Wooster. To permit the school district to intervene would render it subject to all of the liabilities of a party defendant, including the necessity of employing counsel, paying costs and thereby expending public moneys for a purely private and personal purpose. To say that the school district should be entitled to intervene would permit it by subterfuge to do indirectly what it cannot do directly.

Defendant, Clara Wooster, has filed an answer which is identical with the answer attached to the petition to intervene. This is conclusive of plaintiff's argument that petitioner school district has no interest or no defense that would not be available to defendant, Clara Wooster, and to permit the intervention would serve no purpose.

### Conclusion

The action of quo warranto in this case, being an action to try the title to the office of tax collector in the Borough of Ellwood City, as between plaintiff, Oscar A. Dahl, and defendant, Clara Wooster, the school board as petitioner could neither be joined as a party to this action nor has it any legally enforceable interest which would permit it to intervene as a party defendant under Pa. R. C. P. 2327.

In addition, to permit it, the school board, to do so, would be an unwarranted and unlawful expenditure of public funds for the private benefit of defendant, Clara Wooster. Accordingly, we are entering the following

### Order

Now, June 5, 1957, the rule to show cause is discharged.

Now, June 5, 1957, an exception is sealed to the above order for defendant.