## Lackawanna County *v.* James et al., Appellants.

Argued January 29, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Reese H. Harris* and *Charles P. O'Malley,* of *Knapp, O'Malley, Hill & Harris,* with them *John M. Gunster,* for appellant.

*John P. Kelly,* with him *W. R. Lewis* and *H. L. Taylor,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, March 18, 1929:

The County of Lackawanna began these two suits upon official bonds of its treasurer, claiming to recover specified sums which he had received during the years 1922 and 1923, for which he should have accounted to it, but had not. Alleging that the treasurer's liability was only for such amounts as had been found to be

due by him on settlement of his accounts by the county controller, or on appeal from the reports of that official, and that the statements of claim did not aver a liability ascertained in that way, defendants, upon the supposed authority of the Act of March 5, 1925, P. L. 23, filed petitions in which they prayed that the suits be marked discontinued or dismissed, for want of jurisdiction in the court to entertain them. The petitions were themselves dismissed, and these appeals then taken.

So far as necessary to be considered, the statute provides, in section 1, "That wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments." It will be observed that the statute applies only where there is a "question of jurisdiction over the defendant, or of the cause of action for which suit is brought." Here, defendants have been duly served, hence there is jurisdiction over them; and the causes of action are assumpsit on surety bonds, over which causes the court below had jurisdiction. The purpose of the statute is to enable a defendant to have determined, preliminarily, whether he is required to answer to the action, instead of having to wait until after he has incurred the delay and expense of a trial and appeal, only to find out, at the end of the litigation, that the case should not have been heard on the merits at all. It was not intended to furnish a short cut to a determination of the issues of law or fact, raised by the pleadings, however certain their ultimate determination may appear to be.

Both appeals are quashed.