## Skelton v. Lower Merion Township, Appellant.

Argued November 27, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

472

*Franklin L. Wright,* with him *Williams & Sinkler,* for appellant.—The objections raised in the petition of appellant township, going to the jurisdiction of the court below over Skelton's cause of action, are within the purview of the Act of March 5, 1925, P. L. 23: Boyer's Case, 125 Pa. 226; Blackmore v. County, 51 Pa. 160; Harris v. County, 11 W. N. C. 462.

*Theodore Lane Bean,* for appellee.—This proceeding is not within the purview of the Act of March 5, 1925, P. L. 23, which authorizes the raising of a preliminary question as to the jurisdiction of the court, because it does not raise a question as to the jurisdiction of the court below, but as to the right of plaintiff to recover in an action in which the court has jurisdiction of both defendant and the subject-matter of the action: Carney v. Twp., 4 W. & S. 215; McGinley v. Hendershot, 65 Pa. Superior Ct. 145; Maginnis v. Schlottman, 76 Pa. Superior Ct. 124; Com. v. Moore, 49 Pa. Superior Ct. 321; Com. v. Brazee, 21 Pa. Dist. R. 796; Com. v. Walter, 274 Pa. 553; Scranton v. County, 214 Pa. 509; Fry v. Berks Co., 38 Pa. Superior Ct. 449; McKinney v. County, 75 Pa. Superior Ct. 581; Boggs v. Miles, 8 S. & R. 407; Siggins v. Com., 85 Pa. 278; Snyder v. Berkey, 259 Pa. 489.

OPINION BY MR. JUSTICE SIMPSON, January 6, 1930:
Plaintiff, who had been the treasurer of defendant, a township of the first class, sued to recover from it "a sum

equal to one per centum of all other moneys [than township taxes] received or collected by him for the township," claiming he was entitled thereto under the express provision of section 271 of the General Township Act of July 14, 1917, P. L. 840, 869. Defendant entered an appearance, and filed a petition under the Act of March 5, 1925, P. L. 23, alleging that no recovery could be had until and unless the claim had been submitted to and allowed by the township auditors, or by the court on appeal from their report; that plaintiff's claim had not been allowed by either tribunal, and hence the action should "be abated and all proceedings thereunder dismissed for want of jurisdiction of the cause of action." An answer was filed, the petition was dismissed, inter alia, because the Act of 1925 was inapplicable, and defendant appeals. The only point we need consider is the fundamental one to which reference has been made, since we are clear that it was properly decided, and hence the appeal must be quashed.

The Act of 1925 applies only to cases where it is alleged the court has no "jurisdiction over the defendant or of the cause of action for which suit is brought." Whether or not a plaintiff has averred sufficient facts in his statement of claim to entitle him to recover, is not a matter open for consideration under the statute. His failure so to do would not raise a question of jurisdiction of the cause of action, as those words are used in the statute, since they relate solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs. For this reason we held in Wilson v. Garland, 287 Pa. 291, 293, and in Wettengill v. Robinson, 288 Pa. 362, that "the purpose of the statute is to afford a speedy means of securing a final determination of jurisdictional matters in limine, *before inquiry into the merits of the case*"; in Lackawanna Co. v. James, 296 Pa. 225, 227, that "it was not intended to furnish a short cut to a determination of the issues of law

or fact, raised by the pleadings, however certain their ultimate determination may appear to be"; and in Rutherford Water Co. v. Harrisburg, 297 Pa. 33, that it "cannot be invoked to challenge preliminarily the right of a plaintiff to proceed in equity instead of at law, [which question] must be raised under the Act of June 7, 1907, P. L. 440."

Viewed from this standpoint, the determination of the present appeal is plain. We held in Shaffer's Est., 228 Pa. 36, 40, that "The phrase 'cause of action,' as used in the statutes fixing the jurisdiction of the courts according to where the cause of action arises, means that which creates the necessity for bringing the action." To the same effect are Noonan v. Pardee, 200 Pa. 474, 484; Rochester Boro. v. Kennedy, 229 Pa. 251, 273; and Rutherford Water Co. v. Harrisburg, supra. The same rule applies in construing all statutes regarding the jurisdiction of the courts, unless express words or necessary implication compel an opposite conclusion. Here there is no such language. Hence, we hold that "that which creates the necessity for bringing the action" is defendant's refusal to pay the commissions on money collected, to which plaintiff alleges he is entitled under the foregoing section of the General Township Act. Whether or not there are statutory or contractual conditions, compliance with which are essential to his recovery, and whether or not he is obliged to aver that he has complied with them, if there are any, are matters of substance, not of jurisdiction, the cause of action still is defendant's refusal to pay the commissions, and the court below has full jurisdiction to determine whether or not, for any reason, that refusal was justified. Defendant's argument, founded on its quotation from 1 Freeman on Judgments (5th ed.), section 337, that "Any attempt by such a court [that is, a court of equity] to hear and determine a case not within either its inherent or statutory powers would result in a void decree rendered without jurisdiction of the subject-matter," begs

the question, for the point here is whether or not the decision of the point involved is within the "inherent or statutory powers" of the court below, as we have held it is. Far more apt, though unapplied, is the logical deduction from its admission "that the conclusiveness of auditors' reports is a matter of defense and no more than a plea in bar," for its allegation that there was no such report and that one was required is also "no more than a plea in bar."

If defendant desires to have these questions decided preliminarily it must raise them in the way provided by section 20 of the Practice Act of 1915, P. L. 483, 486.

The appeal is quashed.