Lewis *v.* Beatty, Appellant.

Argued November 24, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*T. B. K. Ringe,* with him *Emil H. Molthan, Robert B. Greer* and *John B. Hannum, Jr.,* of *Hannum, Hunter, Hannum & Hodge,* for appellant.—The original act of plaintiff in bringing an action of trespass for slander against two defendants jointly was of no legal effect: Glass v. Stewart, 10 S. & R. 221; Corville v. Cochran, 1 Phila. 399; Grier Bros. v. Assurance Co., 183 Pa. 334; Forst's License, 208 Pa. 578.

The subsequent filing of the amended statement of claim, naming T. Bayard Beatty alone as defendant, was an attempt to escape the effect of the void declaration of a cause of action over which the court had no jurisdiction, and was, in legal contemplation, the institution of a new cause of action against defendant, T. Bayard Beatty, after the expiration of the statute of limitations: United States v. Arredondo, 6 Peters 691; Grier Bros. v. Assurance Co., 183 Pa. 334; Weller v. Hanauer, 10 Pa. Dist. R. 123; United States ex rel. v. McCord, 233 U. S. 157; Riley v. Ins. Co., 12 Pa. Superior Ct. 561; LaBar v. R. R., 218 Pa. 261; Hanley v. Ryan, 87 Pa. Superior Ct. 6; Mays v. Gas Co., 268 Pa. 325; Wernick v. Underwriters Agency, 90 Pa. Superior Ct. 186.

The court below never acquired jurisdiction of the person of T. Bayard Beatty: Little Meadows Boro.'s Case, 28 Pa. 256; Forst's License, 208 Pa. 578; Clothier v. Lesley, 16 Pa. Dist. R. 280.

*William C. Alexander,* for appellee.—Plaintiff has right to amend at any time by striking out parties defendant: Rangler v. Hummel, 37 Pa. 130; Ganzer v. Fricke, 57 Pa. 316; Sturzebecker v. Traction Co., 211 Pa. 156; Green v. Worth Bros., 223 Pa. 604; Booth v. Dorsey, 202 Pa. 381.

The proposed amendment of claim does not set forth a new cause of action: Kaylor v. Shaffner, 24 Pa. 489.

Defendant is estopped from questioning the right to proceed against him individually: Benjamin v. Holgate,

51 Pa. Superior Ct. 104; Cleary v. Quaker City Cab Co., 285 Pa. 241.

Plaintiff was entitled to amend under the provisions of the Act of 1923 by striking out one of the joint parties: Cleary v. Cab Co., 285 Pa. 241.

Such action is not barred by the statute of limitations: Bovaird v. Ferguson, 215 Pa. 235.

OPINION BY MR. JUSTICE WALLING, January 5, 1932:

This action of slander was brought in October, 1929, by the plaintiff, Lena A. Lewis, against the defendants, T. Bayard Beatty and Sidney V. Rowland. The summons was served personally on both defendants. After a plea in abatement alleging misjoinder of defendants had been filed, plaintiff, by leave of court, amended the record by striking therefrom the name of Rowland as a defendant and the plea in abatement was overruled. Thereafter, in May, 1931, plaintiff, by leave of court, filed an amended statement. Thereupon the defendant presented a petition praying that the action be dismissed for lack of jurisdiction over the defendant or the cause of action, under the Act of March 5, 1925, P. L. 23, section 1 of which reads: "That wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments." From the order of the court refusing this petition defendant has appealed.

The appeal is without merit. The court has jurisdiction over the defendant as he was personally served and no question is raised as to the regularity thereof. It is equally clear that the court of common pleas where the suit was brought has jurisdiction over the cause of action, to wit, slander. Having jurisdiction over both the

defendant and the cause of action the petition could not be granted. Whether an action of slander can be sustained jointly against two defendants, or whether the action can be amended by striking out the name of one defendant, or whether the statute of limitations can be tolled by so amending the action—questions discussed by counsel—are not properly before us. Rulings made thereon were interlocutory and can be raised on appeal only after final judgment: Leibfried et al. v. Horn, 294 Pa. 137; Stamper v. Kogelschatz, 289 Pa. 94; Wettengel v. Robinson et al., 288 Pa. 362; Smith v. Phila. & Reading Ry., 286 Pa. 55; American Trust Co. v. Kaufman, 279 Pa. 230; Miller Paper Co. v. Keystone C. & C. Co., 275 Pa. 40, 43. The law aims to dispose of litigation by a single appeal and preliminary orders are not appealable in advance of final judgment except when made so by statute: Wood v. Harlan, 78 Pa. Superior Ct. 92. The above cited Act of 1925 confines the right of such preliminary appeal to the question of jurisdiction and it cannot be made a substitute for a general appeal. As to the other questions sought to be raised here the appeal is premature. Neither the sufficiency of the pleadings nor any other questions suggested as an answer to plaintiff's claim, aside from jurisdiction, can be considered on appeal under the Act of 1925. We have often so held. See Staryeu v. Midouhas et al., 299 Pa. 352; Skelton v. Lower Merion Twp., 298 Pa. 471; Rutherford Water Co. v. Harrisburg, 297 Pa. 33; Lackawanna Co. v. James et al., 296 Pa. 225; Wilson v. Garland, 287 Pa. 291.

The order appealed from, which relates to the question of jurisdiction, is affirmed, and all other assignments of error are quashed.

---

This opinion was written by Justice WALLING; it is now adopted by and filed as the opinion of the court.

PER CURIAM,

By ROBERT S. FRAZER, C. J.