## Heffernan's Appeal.

Argued March 10, 1936. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*John E. McDonough,* with him *R. Paul Lessy* and *Joseph E. Pappano,* for appellant.

*C. William Kraft, Jr.,* Assistant District Attorney, with him *William B. McClenachan, Jr.,* District Attorney, for appellee.

OPINION BY KELLER, P. J., April 16, 1936:

The District Attorney of Delaware County, acting under the authority of section 410 of the Pennsylvania Liquor Control Act, (Act of November 29, 1933, P. L. 15, Special Session 1933-34) as amended by the Act of July 18, 1935, P. L. 1246, on November 15, 1935 filed a petition in the Court of Quarter Sessions of Delaware County asking for the revocation of the restaurant license which had been granted and issued by the Pennsylvania Liquor Control Board to Michael Heffernan at Sixth and Morton Avenues, Chester, Pennsylvania, for alleged violation of the laws relating to liquor, malt liquor and brewed beverages on the licensed premises on July 12, 1935, by the unlawful sale and furnishing of such liquors to minors. The court granted a rule which was duly served on the licensee.

The respondent, Heffernan, thereupon filed a petition pursuant to the Act of March 5, 1925, P. L. 23, raising a preliminary question as to the jurisdiction of the court,

and averring that the said court had no jurisdiction to hear and determine the matter or authority to revoke his license because, he alleged, he was at the time of the filing of the district attorney's petition operating his restaurant under a license issued by said Board on November 1, 1935, pursuant to the Amended Act of July 18, 1935, supra, and not under the license granted under the Act of November 29, 1933, supra, expiring December 31, 1935, which, he averred, had been superseded and terminated by the license issued under the Act of 1935, supra.

A rule was thereupon granted, to which the District Attorney made answer denying the averments of the petition and affirming the jurisdiction of the court of quarter sessions in the premises. The court, in an opinion by its learned President Judge, disposed of the preliminary question of jurisdiction thus raised by refusing the petition to dismiss the proceeding for want of jurisdiction. The respondent, Heffernan, within fifteen days thereafter took this appeal to this court, as required by the Act of 1925, P. L. 23.

The only question before us, therefore, is whether the court of quarter sessions has jurisdiction of the proceeding.

On this the Act of November 29, 1933, supra, as amended by the Act of July 18, 1935, supra, is explicit. It provides that after a license has been issued by the Board under the provisions of the Act, "upon petition of the Attorney General, the board, the district attorney of any county, or upon the petition of fifteen or more taxpayers, residents of the ward, borough or township where the place of business is located, the court of quarter sessions of the proper county, upon sufficient cause being shown or proof being made that the licensee holding a license ...... has violated any of the laws of this Commonwealth relating to liquors, malt or brewed beverages, or alcohol or other alcoholic bev-

erages, may, upon due notice and proper hearing ......
suspend or revoke the license issued under the provisions of this act," etc.

Jurisdiction to hear and act upon petitions for the revocation of a license issued by the Liquor Control Board under the provisions of the Act is thus expressly committed to the court of quarter sessions of the proper county; and by the 'proper county' is meant the county wherein such licensed premises are located.

As the jurisdictional question is the only one raised by the present appeal we shall not discuss nor decide the interesting question on the merits which the appellant has injected into his brief and argument. Appellant has confused the question of the court's jurisdiction with the right or propriety of revoking the license in this particular case. The test of jurisdiction is whether the court has the power to enter on the inquiry; not whether it can, in the circumstances here present, legally revoke the license. The latter question may come up for determination following an adverse decision. "Jurisdiction is not dependent on ...... [petitioner's] right to the relief demanded, the regularity of the proceedings or the correctness of the decision rendered", 15 C. J. 735. In construing the Act of 1925, supra, our Supreme Court said in Welser v. Ealer, 317 Pa. 182, 184, 176 A. 429; "Jurisdiction of the cause of action, as used in the statute, relates 'solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs': Skelton v. Lower Merion Twp., 298 Pa. 471, 473. See also Koontz v. Messer, 314 Pa. 434."

In Lackawanna County v. James, 296 Pa. 225, 227, 145 A. 817, the Supreme Court, speaking through Mr. Justice SIMPSON, said in construing the Act of 1925: "It will be observed that the statute applies only where there is a 'question of jurisdiction over the defendant, or

of the cause of action for which suit is brought.' Here, defendants have been duly served, hence there is jurisdiction over them; and the causes of action are assumpsit on surety bonds, over which causes the court below had jurisdiction. The purpose of the statute is to enable a defendant to have determined, preliminarily, whether he is required to answer to the action, instead of having to wait until after he has incurred the delay and expense of a trial and appeal, only to find out, at the end of the litigation, that the case should not have been heard on the merits at all. It was not intended to furnish a short cut to a determination of the issues of law or fact, raised by the pleadings, however certain their ultimate determination may appear to be."

In Nippon Ki-Ito Kaisha, Ltd. v. Ewing-Thomas Corp., 313 Pa. 442, 445, 446, 170 A. 286, a case involving the Arbitration Act of April 25, 1927, P. L. 381, as well as the Act of 1925, P. L. 23, the Supreme Court said, speaking again through Mr. Justice SIMPSON: "We have several times said, and the statute clearly shows, that it [Act of March 5, 1925, P. L. 23] applies only in cases where the court below has no jurisdiction over the parties or over the subject matter of the particular litigation: Skelton v. Lower Merion Twp., 298 Pa. 471; Gray v. Camac, 304 Pa. 74. Here, both plaintiff and defendant appeared generally before the court, and hence it had jurisdiction over them. It also had jurisdiction to decide whether or not defendant can be required to proceed to arbitration in New York, for section 3 of the Arbitration Act expressly gives it such jurisdiction. That it may ultimately decide it has no power to so require, does not deprive it of jurisdiction to decide the question; rather it affirms the jurisdiction."

And in Lewis v. Beatty, 306 Pa. 242, 159 A. 441, where the defendant contended that the court had no jurisdiction in an action for slander brought against two defendants jointly, the court said: "The appeal is

without merit. The court has jurisdiction over the defendant as he was personally served and no question is raised as to the regularity thereof. It is equally clear that the court of common pleas where the suit was brought has jurisdiction over the cause of action, to wit, slander. Having jurisdiction over both the defendant and the cause of action the petition could not be granted. Whether an action of slander can be sustained jointly against two defendants, or whether the action can be amended by striking out the name of one defendant, or whether the statute of limitations can be tolled by so amending the action—questions discussed by counsel—are not properly before us ...... The above cited Act of 1925 confines the right of such preliminary appeal to the question of jurisdiction and it cannot be made a substitute for a general appeal. As to the other questions sought to be raised here the appeal is premature."

In Hughes v. Hughes, 306 Pa. 75, 158 A. 874, relied on by appellant, the motion in the court below was to set aside personal service on the defendant of a bill in equity filed on behalf of a deserted wife, and dismiss the bill, in so far as it asked for a decree against defendant husband personally, where there had been an attempt made to serve the bill on the defendant outside the county. The Supreme Court held that the attempted service outside the county was not in accordance with the Act of April 6, 1859, P. L. 387, and that, consequently, the court had no jurisdiction over defendant's person, but did not interfere with the court's jurisdiction over the husband's real estate within the county.

In Fudula's Petition, 297 Pa. 364, 147 A. 67, also cited by appellant, which was a proceeding to remove a school director, the jurisdiction of the court was, in effect, upheld, but the action of the court below was reversed because under the provisions of the School Code the court could not lawfully remove a school direc-

tor for neglect of duty or other misconduct committed during a former term. So far from sustaining appellant's position it rules against him. The court had jurisdiction of the inquiry irrespective of its right to remove the official.

Jurisdiction of the cause of action involved in this proceeding relates to the competency of the court below to hear, consider and determine controversies of the *general class* to which the case now presented for consideration belongs: Staryeu v. Midouhas, 299 Pa. 352, 149 A. 600; Skelton v. Lower Merion Twp., 298 Pa. 471, 148 A. 846. As these have been specifically granted to the court of quarter sessions it has jurisdiction of the proceeding in question.

The order is affirmed and the record is remitted to the court below, with directions that, following an opportunity to the respondent to file an answer on the merits, and a proper hearing upon due notice, the court shall dispose of the rule as to right and justice shall belong.

Costs on this appeal to be paid by appellant.