## Squire *v.* Fridenberg, Appellant.

Argued December 14, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*David L. Ullman* with him *Solomon L. Fridenberg,* for appellant.

*Bertram Bennett,* with him *Harry L. Jenkins* and *Scott Seddon,* for appellee.

OPINION BY KELLER, P. J., April 16, 1937:

This is an appeal by the defendant, under the Act of March 5, 1925, P. L. 23, from an order of the court below determining that it has jurisdiction of the cause of action sued upon.

The Superintendent of Banks of the State of Ohio brought an action of assumpsit against the defendant, a stockholder of the Union Trust Company of Cleveland, to recover an assessment made by him, pursuant to the laws of Ohio, imposing additional liability on stockholders of banks when necessary to pay creditors.

As the merits of the case are not involved in this appeal it is not necessary to state the facts in detail. It is sufficient to say that the plaintiff's statement of claim averred that the defendant is the registered owner of eighty shares of stock of said trust company, of the par value of $25 each; that said trust company had been taken possession of, as an insolvent bank, by the plaintiff, in his official capacity, pursuant to the laws of the State of Ohio, and that in accordance with certain provisions of the constitution and statutes of Ohio, therein set forth, he had decided that an assessment of $25 against each share of stock was required and necessary to provide sufficient moneys to pay and satisfy the debts due creditors and depositors of said trust company; that he had accordingly, pursuant to

said laws, made such assessment, and demanded of the defendant the amount thereof, less certain credits by way of dividends on her deposit in said bank, leaving a balance due of $1091.44, which defendant refused to pay. It averred that Article IV, section 1 of the Constitution of the United States requires that full faith and credit be given to the provisions of Article XIII, section 3 of the constitution of the State of Ohio and sections 710-75, 710-95 and 710-89 of the General Code of Ohio, providing for the assessment of the liability of stockholders of Ohio banks and the enforcement thereof, pursuant to which this action had been brought.

The defendant, who was duly served with process, filed a petition questioning the court's jurisdiction of the cause of action because, she alleged, the right of the plaintiff as statutory receiver of the Union Trust Company to recover assessments on shareholders made by him under the laws of Ohio had not yet been determined by the courts of Ohio; and she averred that certain suits or actions, naming them, brought by plaintiff in Ohio to recover assessments made by him on stockholders of said trust company were still pending and undetermined; and that until such right had been determined by the courts of the incorporating jurisdiction, no action will lie in this Commonwealth.

We are not concerned in this proceeding with the question whether the plaintiff has a good cause of action against the defendant, but only, whether the cause of action sued upon is within the general class of controversies committed to the jurisdiction of the court below. (*Grime v. Dept. of Public Instruction*, 324 Pa. 371, 377, 378, 188 A. 337). Admittedly, the court acquired jurisdiction over the person of the defendant. It is no less certain that by the Act of July 12, 1913, P. L. 711, as amended by Act of May 11, 1923, P. L. 201, 17 PS 693, the Municipal Court has jurisdiction of actions in assumpsit when the amount in controversy

does not exceed $2,500. The court, thus, had jurisdiction over both the person of the defendant and the cause of action, and the appeal must be dismissed.

The matters which the appellant raised as a preliminary question in the court below went to the right of the plaintiff to *recover* on his cause of action rather than to his right to have his cause of action *heard and determined.* With the former the Act of March 5, 1925, supra, is not concerned.

In *Skelton v. Lower Merion Twp.,* 298 Pa. 471, 473, 148 A. 846, the plaintiff sued the township in assumpsit to recover commissions alleged to be due him as treasurer. Defendant entered an appearance and filed a petition under the Act of March 5, 1925, averring that no recovery could be had unless and until the claim had been submitted to and allowed by the township auditors, or by the court on appeal from their report; that plaintiff's claim had not been allowed by either tribunal, and hence the action should be abated and all proceedings thereunder dismissed for want of jurisdiction of the cause of action. An answer was filed and the petition was dismissed. The Supreme Court quashed the appeal from this order, saying, inter alia, through Mr. Justice SIMPSON: "Whether or not a plaintiff has averred sufficient facts in his statement of claim to entitle him to recover, is not a matter open for consideration under the statute [of March 5, 1925]. His failure so to do would not raise a question of jurisdiction of the cause of action, as those words are used in the statute, since they relate solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs ...... Whether or not there are statutory or contractual conditions, compliance with which are essential to his recovery, and whether or not he is obliged to aver that he has complied with them, if there are any, are matters of substance, not of juris-

diction, the cause of action still is defendant's refusal to pay the commissions, and the court below has full jurisdiction to determine whether or not, for any reason, that refusal was justified." The court held, in effect, (see page 473), that the failure of the plaintiff to aver the allowance of his claim by the township auditors or by the court, which the appellant alleged was a jurisdictional requirement of plaintiff's cause of action, did not affect the jurisdiction of the court to hear and determine the cause, but was rather matter of defense by way of plea in bar.

The similarity between the matters set up in that case and those relied on by the appellant here as ground for challenging the jurisdiction of the court below is apparent. Furthermore, the facts here presented as a basis for denying jurisdiction of the court over the cause of action did not appear in the plaintiff's statement of claim but were brought into the case by the petition of the defendant under the Act of 1925. The Supreme Court held in *Rutherford Water Co. v. Harrisburg*, 297 Pa. 33, 36, 146 A. 113, that this was improper and that "the new matter alleged in the petition should not have been considered at all" in such a proceeding.

Similar rulings were made by the Supreme Court, (1) in *Lewis v. Beatty*, 306 Pa. 242, 159 A. 441, where a defendant unsuccessfully tried to use the Act of 1925 to question the right of a plaintiff to bring an action of trespass in slander against two defendants jointly or to amend the action by striking off the name of one defendant; (2) in *Nippon Ki-Ito Kaisha v. Ewing-Thomas Corp.*, 313 Pa. 442, 170 A. 286, where the Supreme Court reversed the lower court in a proceeding to enforce the Arbitration Act of April 25, 1927, P. L. 381, for confusing the ultimate right of the plaintiff to require an arbitration with the jurisdiction of the court to hear and determine the question, which had been expressly given it by section 3; and (3) in *Koontz*

*v. Messer,* 314 Pa. 434, 436, 437, 172 A. 457, where the lower court erroneously sustained an objection to its jurisdiction in an action of trespass for negligence, on the ground that the appellee, who had been brought into the case as an additional defendant under the scire facias acts, was the husband of the plaintiff and an action of trespass would not lie against him at her suit. Mr. Justice SIMPSON, speaking for the court, said: "The cause of action is trespass for negligence, and over it the court clearly has jurisdiction. All of appellee's contentions relate to defenses which he alleges he has to the claim that he is liable over to [the original defendant] ...... These questions, no matter how interesting and important they may be ...... cannot be raised by proceeding under the Act of 1925."

In like manner, the matters raised by the petition in this case should be presented by way of defense, as they are in the nature of a plea in bar, and do not affect the initial jurisdiction of the court to hear and determine the controversy.

The position taken by the appellant in the court below was frankly based on an extract from the opinion of the Supreme Court in *Broderick, as Supt. of Banks of New York v. Stephano,* 314 Pa. 408, 171 A. 582, as follows: "The test in determining whether the action will lie in this state is to ascertain if the law of the incorporating state allows recovery against stockholders resident there, and when this question has been judicially settled, together with other relevant facts, such as the amount of the assessment and the authority of the receiver or other officer to sue, the full faith and credit clause of the federal Constitution requires us to allow the action here: *Converse v. Hamilton,* 224 U. S. 243." But that case was not one of jurisdiction under the Act of 1925. It was an appeal from an entry of judgment, and was determined on the merits. It is clear from the whole opinion that the phrase, 'whether the action will

lie', did not relate to the jurisdiction of the court of common pleas to hear, consider and determine the controversy, but to the right of the plaintiff to maintain his action and recover a judgment.

Without entering, at this time, into the merits of the controversy, it may also be noted that the case of *Converse v. Hamilton,* 224 U. S. 243, cited as supporting the statement in the above mentioned opinion, related to a case where a receiver of an insolvent corporation— not a bank—had been appointed by the District Court of Washington County, Minnesota, and a decree had been entered by that court determining the necessity of resorting to the double liability of stockholders imposed by the laws of that State and ordering assessments upon them, which the receiver was seeking to enforce against a stockholder of the corporation resident in Wisconsin.

Since then, many States,—our own among them[1]— have enacted statutes conferring on the Secretary of Banking, or Superintendent of Banks, or other state officer corresponding to the federal Comptroller of the Currency, power and authority to take over and liquidate insolvent state banks and to enforce the additional liability of stockholders, if any, imposed by law, by assessment made by him, when necessary, without recourse to any court for a decree authorizing such assessment, similar to the powers conferred on the Comptroller of the Currency as respects national banks in like circumstances, by Act of Congress.[2]

The assessments so made by the Comptroller of the Currency are enforceable in the courts of the several states, as well as in the federal courts, without any prior order or decree of court: *Kennedy v. Gibson,* 8 Wallace 498, 505; *Bushnell v. Leland,* 164 U. S. 684; *Forrest v.*

---

[1] Act of May 15, 1933, P. L. 565, (Department of Banking Code) sec. 723.

[2] Act of Congress of May 15, 1916, c. 121, 39 Stat. 121, as amended by Act of Aug. 23, 1935, c. 614, sec. 339, 49 Stat. 721, 12 USCA sec. 192.

*Jack,* 294 U. S. 158; *Casey v. Galli,* 94 U. S. 673; *Pufahl, Receiver, v. Parks,* 299 U. S. 217; *Chisholm v. Gilmer, Receiver,* 299 U. S. 99; *Glass' Est.,* 115 Pa. Superior Ct. 448, 175 A. 736. But such actions are not based on the 'full faith and credit clause' of the federal constitution. They rest on the authority of Congress to enact the statutes and make them enforceable in the state courts as well as in the federal courts.

Whether the statutes of Ohio have conferred such authority on the Superintendent of Banks, and, if so, whether such an assessment made by him, in the absence of a decree of a court authorizing or confirming the same, is within the 'full faith and credit' clause of the federal constitution (Art. IV, section 1), relied on by the plaintiff, so as to require its enforcement in another state, are matters that may properly come up for determination on the trial or consideration of this case on the merits, but they cannot affect the jurisdiction of the court to hear and determine the present cause of action. See also, *Cochran v. Shetler,* 286 Pa. 226, 229, 230, 133 A. 232; Restatement—Conflict of Laws, secs. 185, 186.

The nature of an action brought to enforce the individual liability imposed by statute on a stockholder of a corporation was well expressed by Chief Justice SHARSWOOD in *Aultman's Appeal,* 98 Pa. 505, 512, 513, as follows: "It has been earnestly contended that the individual liability thus imposed on the stockholders is a penalty, and that the courts of one state will not enforce the penal laws of another. This is undoubtedly so; but was this liability thus provided for in any sense a penalty? The defendants became owners of their stock either by original subscription or by assignment from subscribers, and assumed voluntarily all the obligations imposed upon them as owners. It was a contract, express or implied, to pay not only for the stock owned or subscribed, but so much in addition as would

be necessary for the purpose of securing the creditors of the company. This contract could be enforced in any state in which the defendants were amenable to the process of the courts." The liability sought to be enforced is contractual; *Cushing v. Perot,* 175 Pa. 66, 74, 34 A. 447; *Ball v. Anderson,* 196 Pa. 86, 88, 46 A. 366, or, at least, quasi contractual; *Chisholm v. Gilmer, Receiver,* supra, p. 102; and consequently the action to enforce it is in assumpsit and within the jurisdiction of our courts of common pleas, and of the municipal court, when the amount in controversy is less than $2500.

The appeal is dismissed.