**Main Cleaners & Dyers, Inc., *v.* Columbia Super Cleaners, Inc. (et al., Appellants).**

Argued September 30, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John A. Metz,* with him *John A. Metz, Jr.,* and *Samuel Rosenfeld,* for appellants.

*Warren H. Van Kirk,* for appellee.

OPINION BY MR. JUSTICE STERN, December 5, 1938:

The bill of complaint in this case alleged that plaintiff corporation is engaged in the wholesale business of cleaning and dyeing, its customers consisting of tailors and retail cleaning shops; that defendant corpora-

tions and partnership are similarly engaged, the individual defendants being truck drivers employed by them; that these drivers are members of defendant labor union, the officers of which are also named as parties; that defendants conspired together to destroy plaintiff's business by preventing its customers from dealing with plaintiff and inducing them to boycott it, this being accomplished by picketing the shops of the customers and by other methods of coercion and intimidation. The bill further alleged that the union would not enter into a reasonable contract with plaintiff enabling the latter to operate as a union shop, or any contract at all unless plaintiff would agree not to use as drivers two of its own stockholders instead of members of the union. The bill asserted that neither in plaintiff's establishment nor in its customers' shops was there any strike, labor trouble or dispute. It prayed that defendants be enjoined from the commission of unlawful acts or the use of unlawful means preventing legitimate competition in the industry, from boycotting plaintiff and preventing its customers from doing business with it, and from combining unlawfully for such purposes.

Some of the defendants petitioned the court under the Act of March 5, 1925, P. L. 23, to dismiss the suit for want of jurisdiction, contending that the facts alleged in the bill indicated, notwithstanding its express denial, that the case involved and grew out of a labor dispute as defined by section 3 of the Act of June 2, 1937, P. L. 1198, and, consequently, the court, under sections 6 and 7 of that act, had no jurisdiction or power to issue an injunction as prayed for. The court allowed, but subsequently discharged, a rule to show cause.

In *Lackawanna County v. James*, 296 Pa. 225, 227, it was pointed out that the Act of 1925 "was not intended to furnish a short cut to a determination of the issues of law or fact, raised by the pleadings, however certain their ultimate determination may appear to be." A

court may have jurisdiction over the subject-matter of litigation even though the statement of claim or the bill of complaint be obviously demurrable as not setting forth a good cause of action. The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case: *Kaisha, Ltd., v. Ewing-Thomas Corporation,* 313 Pa. 442, 446; *Heffernan's Appeal,* 121 Pa. Superior Ct. 544, 547. The question of jurisdiction relates solely to the competency of the court to determine controversies of the *general class* to which the case presented for its consideration belongs: *Skelton v. Lower Merion Township,* 298 Pa. 471, 473; *Grime v. Department of Public Instruction,* 324 Pa. 371, 378; *Massachusetts Bonding & Insurance Co. v. Johnston & Harder, Inc.,* 330 Pa. 336, 340. Thus, in *Welser v. Ealer,* 317 Pa. 182, it was held that the court had jurisdiction over a suit for damages for injuries resulting from an automobile accident, although plaintiff was an employee of defendant and was injured in the course of his employment and thereby precluded from recovering damages for his injury by any method other than that prescribed in the Workmen's Compensation Act.

What was said in *Squire v. Fridenberg,* 126 Pa. Superior Ct. 508, 512, is here pertinent: "The matters which the appellant raised as a preliminary question in the court below went to the right of the plaintiff to *recover* on his cause of action rather than to his right to have his cause of action *heard and determined.* With the former the Act of March 5, 1925, supra, is not concerned."

By the Acts of June 16, 1836, P. L. 784, sec. 13, and February 14, 1857, P. L. 39, Courts of Common Pleas are vested with the jurisdiction of courts of Chancery so far as relates, inter alia, to "the prevention or restraint of the commission or continuance of acts contrary to law,

and prejudicial to the interests of the community, or the rights of individuals." There is thus established a *general class* of cases in which the court is vested with jurisdiction to grant injunctive relief. The fact that a labor dispute may be involved does not take the litigation out of this jurisdictional class. All that the Act of June 2, 1937, P. L. 1198, in effect provides is that, in any case involving or growing out of a labor dispute, the court shall not have the power to issue injunctions to prohibit the particular acts specified in sections 6 and 7.

We conclude that the court below had jurisdiction over the cause of action, and its order so holding is affirmed, costs to abide the determination of the cause.