## Woytovich v. Borough of Blakely et al.

*William A. Bush,* for plaintiff.
*Harold R. Edwards,* for defendant.
*Laurence D. Savige,* for additional defendants.

LEACH, P. J., January 17, 1941.—The præcipe for summons and statement of claim in the above case was filed October 6, 1939, and service was made on defendant October 13, 1939. Through a clerical error the body of the sheriff's return was made October 3rd, although the pencil notation shows October 13th. On December 5, 1939, 53 days after the service of plaintiff's statement upon defendant, a petition was filed to join additional defendants under Pa. R. C. P. 2252, and an order was made thereunder following verbatim the form set forth in section (*c*) of said rule. It was served upon the additional defendants before January 1, 1940.

It was their duty to answer within 20 days, but they neglected that duty. Instead, when a petition for a hearing was set forth, they appeared with a motion to quash the petition and order. This was not filed within 20 days after service upon them as required by rule 2256.

Counsel for additional defendants contends that his petition goes to the jurisdiction of the court and is under the Act of March 5, 1925, P. L. 23. Under that act the petition would be properly dismissed. It appears that under that act the parties were properly summoned and

the court has jurisdiction of the subject matter: Lacka-wanna County v. James et al., 296 Pa. 225.

We believe that the procedure should be under rule 2256 because that is the procedure provided to attack a defect of form or substance. So far as the additional defendants are concerned, it appears that rule 2275 sus-pending certain acts definitely, and paragraph 5 sus-pending all other acts and parts of acts inconsistent with these rules, would apply in this case as suspending the remedy of the Act of March 5, 1925, P. L. 23.

Now, January 17, 1941, rule to quash order joining ad-ditional defendants is discharged and the additional de-fendants are allowed 20 days to file answers.