Matthews *v.* Plum Township and Plum Township School District.

Argued April 29, 1943.   Before KELLER, P. J., BALD-

Rige, Stadtfeld, Rhodes, Hirt, Kenworthey and Reno, JJ.

*Frederick Shoemaker,* of *Shoemaker & Knoell,* and *William L. Shaffer,* for appellants.

*John W. Wishart,* and *Reed, Smith, Shaw & McClay,* for appellee were not heard.

Opinion by Keller, P. J., July 16, 1943:

These two appeals were taken by the respective defendants, under the Act of March 5, 1925, P. L. 23, from an order of the court below refusing to dismiss an action of trespass for want of jurisdiction.

The plaintiff, Matthews, brought an action of trespass in the County Court of Allegheny County against the Township of Plum and the School District of the Township of Plum, claiming $1,500 damages, allegedly sustained by him as the owner of real estate in said township, by the construction and maintenance, through and upon property of the school district, of a public road (known as Plum Township High School Road), which intersects the public road on which plaintiff's property abuts, and constitutes a nuisance, by reason of the percolation of creosote and barnyard filth from said road, as constructed and maintained, into the well on plaintiff's property, rendering the water therein foul and unfit for use.

The defendants filed separate motions praying for a

dismissal of the action on the ground of want of jurisdiction over the respective defendants, and of the cause of action for which suit was brought, and assigned the following specific reasons:

(a) The plaintiff's right of action, if any, should have been asserted in the Court of Quarter Sessions by petition for appointment of viewers.

(b) No notice required by the Act of July 1, 1937, P. L. 2547, of any person claiming damages from any township, school district or other municipality, arising from the negligence of such municipality or any employee, was filed in writing within six months from the date of the negligence complained of, in the office of the clerk or secretary of such municipality, stating briefly the facts upon which the claim was based.

(c) Said Plum Township High School Road was constructed with due care in accordance with plans prepared by competent engineers and not in a negligent way or manner.

(d) Damages for alleged faulty construction of the said public road are recoverable only from the contractor, who was guilty of the alleged negligence.

(e) A state highway separates said road from Plaintiff's property, which has drainage facilities for carrying off seepage and surface water.

(f) No defined water course has been interfered with by the construction of said road.

(g) Plaintiff's statement does not disclose a cause of action that would give the court jurisdiction over petitioner defendant.

It will be noted that the matters thus raised went to the right of the plaintiff to *recover* on his cause of action, rather than to his right to have his *cause of action heard and determined*. With the former the Act of March 5, 1925 is not concerned: *Main Cleaners & Dyers, Inc. v. Columbia Super Cleaners, Inc.*, 332 Pa. 71, 74, 2 A. 2d 750. If the facts alleged in the petitions for

dismissal are proved on the trial, they will probably prevent a recovery; but they are not of a character to deny plaintiff an opportunity to have his cause of action heard and determined. There is no allegation in the petitions that the respective defendants were not duly served with the summons. The record shows service by the sheriff on the proper officials of the township and school district, respectively, so the court has jurisdiction of the parties defendant. The action is in trespass for money damages; and the Act of May 5, 1911, P. L. 198, establishing the county court, as amended by Act of April 24, 1935, P. L. 51, gives that court jurisdiction in all civil actions wherein only a money judgment is sought to be recovered and the amount claimed does not exceed $2,500. So the court has jurisdiction of the cause of action.

The purpose and intent of the Act of 1925 was well explained by the Supreme Court, speaking through Mr. Justice SIMPSON, in *Lackawanna County v. James,* 296 Pa. 225, 145 A. 817, and *Skelton v. Lower Merion Twp.,* 298 Pa. 471, 148 A. 846. In the *James* case, the plaintiff county sued on the defendant's official bond as county treasurer; in the *Skelton* case, the plaintiff, who had been treasurer of the defendant township, sued to recover a commission of one per centum on moneys, other than taxes, received or collected by him for the township (sec. 271 of Act of July 14, 1917, P. L. 840, p. 869). In each case the defendant alleged that the action did not lie unless or until the county controller —or the township auditors—had settled an account in favor of the plaintiff and against the defendant, or the court, on appeal, had found the amount claimed to be due; and contended that, for that reason, the action should be dismissed for want of jurisdiction. The court below refused the motion in each case, and the defendant appealed.

Mr. Justice SIMPSON disposed of these contentions in language that cannot be improved on.

In *Lackawanna County v. James,* he said: "It will be observed that the statute applies only where there is a 'question of jurisdiction over the defendant, or of the cause of action for which suit is brought.' Here defendants have been duly served, hence there is jurisdiction over them; and the causes of action are assumpsit on surety bonds, over which causes the court below had jurisdiction. The purpose of the statute is to enable a defendant to have determined, preliminarily, whether he is required to answer to the action, instead of having to wait until after he has incurred the delay and expense of a trial and appeal, only to find out, at the end of the litigation, that the case should not have been heard on the merits at all. It was not intended to furnish a short cut to a determination of the issues of law or fact, raised by the pleadings, however certain their ultimate determination may appear to be."

In *Skelton v. Lower Merion Township,* he said: "Whether or not a plaintiff has averred sufficient facts in his statement of claim to entitle him to recover, is not a matter open for consideration under the statute. His failure so to do would not raise a question of jurisdiction of the cause of action, as those words are used in the statute, since they relate solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs ...... *Whether or not there are statutory or contractual conditions, compliance with which are essential to his recovery, and whether or not he is obliged to aver that he has complied with them, if there are any, are matters of substance, not of jurisdiction;* the cause of action still is defendant's refusal to pay the commissions, and the court below has full jurisdiction to determine whether or not, for any reason, that refusal was justified." (Italics supplied).

When the *Skelton* case was tried—see *Skelton v. Lower Merion Twp.,* 318 Pa. 356, 178 A. 387—it so

happened that the position taken by the Township was sustained as a *defense* on the *trial,* although its claim of want of jurisdiction had been denied.

Along the lines laid down in those cases, are: *Lewis v. Beatty,* 306 Pa. 242, 244-5, 159 A. 441; *Kaisha Ltd. v. Ewing-Thomas Corp.,* 313 Pa. 442, 445-6, 170 A. 286; *Colflesh v. Provident Trust Co.,* 317 Pa. 46, 47, 176 A. 433; *Welser v. Ealer,* 317 Pa. 182, 184, 176 A. 429; *Reeser's Milk Co. v. Pates,* 320 Pa. 11, 13, 14, 181 A. 211; *Gallagher v. Keystone R. H. Co.,* 333 Pa. 9, 12, 3 A. 2d 426; *McCabe v. Ivory,* 338 Pa. 572, 575, 14 A. 2d 331; *Squire v. Fridenberg,* 126 Pa. Superior Ct. 508, 512, 514, 191 A. 631; *Usner v. Duersmith,* 346 Pa. 494, 495, 31 A. 2d 149.

We may add that the test whether the plaintiff should have proceeded by proceedings before a board of view, appointed by the court of quarter sessions, rather than by action of trespass, is dependent on whether the improvement was the direct and proximate cause of the injury, and the damage claimed was the necessary and unavoidable consequence of the non-negligent performance of the work; or whether the injury and damage resulted from the negligent or improper performance of the work by the municipality or its contractor, if there was one: *Stork v. Phila.,* 195 Pa. 101, 45 A. 678; *Hirsh v. McGovern,* 100 Pa. Superior Ct. 1, 5; *Lizza v. Uniontown,* 345 Pa. 363, 365-6, 29 A. 2d 916. If the former, recovery may not be had by action of trespass; if the latter, it may. The plaintiff's statement makes no reference to a contractor for the work, and we cannot assume that there was one. That averment cannot be brought into the case by defendant's petition to dismiss for want of jurisdiction: *Bovaird v. Barrett,* 78 Pa. Superior Ct. 68, 72; *Steel v. Levy,* 282 Pa. 338, 341, 127 A. 766.

The Act of July 1, 1937, P. L. 2547, above referred to, is limited to actions against municipalities, etc. *aris-*

*ing from negligence.* The plaintiff in this case does not ground his cause of action on negligence, but on *nuisance,* for which a municipality may in some circumstances be liable, if proved: *Briegel v. Phila.,* 135 Pa. 451, 19 A. 1038; *Rosenblit v. Phila.,* 28 Pa. Superior Ct. 587, 597-8. Whether the evidence on the trial may bring it within the provisions of the Act of 1937 can only be determined later. The Act of 1937 has been considered by this court in *Lutz v. Scranton,* 140 Pa. Superior Ct. 139, 13 A. 2d 121, and by the Supreme Court in *O'Hara v. Scranton,*[1] 342 Pa. 137, 19 A. 2d 114, and *McBride v. Township of Rome,* 347 Pa. 228, 32 A. 2d 212. None of them gives any support to the contention that failure to give the notice required in the statute in order to support an enforceable claim is a *jurisdictional* defect. If it were so, it could not be waived, nor its failure excused, as the act itself provides for. Like the statute of frauds[2] and similar statutes, it goes to the *recovery* under the cause of action, not the *jurisdiction.* The bringing of an original action is not affected by the Statute of 1937 in such a way as to place it in the same category as the filing of appeals from a justice of the peace in the common pleas, or the taking of an appeal to the Supreme or Superior Court from a judgment of a court of record, which must be done within the time limited by the statute authorizing the appeal, or the appeal will be stricken off or quashed.

---

[1] The facts relied on by the defendant in that case were more fully stated in *O'Hara v. City of Scranton,* 35 D. & C. 42, 43.

[2] *"No action shall be brought,* whereby to charge any executor or administrator upon any promise to answer for damages out of his own estate, or whereby to charge the defendant upon any special promise to answer for the debt or default of another, unless the agreement, upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, or some other person by him authorized": Act of April 26, 1855, P. L. 308, sec. 1; see also, Act of May 19, 1915, P. L. 543, sec. 4; *Am. Products Co. v. Refining Co.,* 275 Pa. 332, 119 A. 414.

The court below apparently overlooked the fact that since the Act of May 3, 1917, P. L. 149, amending section 12 of the Practice Act of 1915, P. L. 483, townships, school districts and other municipalities are not required to file affidavits of defense. This applies both to actions of assumpsit and actions of trespass. The order of the court below will be modified by striking out the provision relative to filing affidavits of defense.

The appeals are severally dismissed.