## Gray, Admrx., v. Northwestern National Bank in Philadelphia et al.

*Charles A. Rothman,* for plaintiff.
*Buckman & Buckman,* for defendant.
*William Jay Leon,* for additional defendant.

FLOOD, J., June 30, 1945.—The rule which we allowed in this case on defendants' petition questioning the jurisdiction of the court under the Act of March 5, 1925, P. L. 23, 12 PS §672, must be discharged.

The only ground asserted by defendant in his petition for the dismissal of the proceedings is that in the bill of complaint plaintiff brings this action as administratrix of her husband's estate, averring that she was duly appointed and qualified as such administratrix, whereas it is alleged in the instant petition that no letters of administration or letters testamentary have ever been granted in this suit to plaintiff or anyone else.

These allegations in defendants' petition do not affect the court's jurisdiction over defendants or over the cause of action upon which plaintiff has filed her bill and hence cannot properly be raised in a petition under the said Act of 1925: Koontz v. Messer et al., 314 Pa. 434 (1934); Lackawanna County v. James et al., 296 Pa. 225 (1929); Skelton v. Lower Merion Township, 298 Pa. 471 (1930); Matthews v. Plum Township and Plum Township School District, 152 Pa. Superior Ct. 544 (1943).

If defendants mean to challenge the sufficiency of the allegations of the bill, they should do so by preliminary objections under Equity Rule No. 48. If they wish to assert a defense to merits, they can do so only by filing an answer. A petition and rule to terminate the proceedings under the said Act of 1925 cannot be substituted either for preliminary objections or an answer to the merits.

At the argument before us, counsel for plaintiff admitted that actually no letters of administration or let-

ters testamentary had been granted by the register of wills because a caveat had been filed and the said proceedings before the register are still pending and undetermined. This has no bearing on the matter before us, although if plaintiff does not amend so as to set forth her interest in the subject matter and the reasons why she is now entitled to equitable relief to preserve the status quo pending the granting of such letters, it may be that it will prevent relief for her at the trial.

Defendants' rule to terminate the proceedings is discharged.