## Crucible Steel Co. v. Nachtman

Before McNaugher, Weiss and Adams, JJ.

*Reed, Smith, Shaw & McClay,* for plaintiff.

*Crawford, Arensberg & Dunn,* for defendant.

*Paul G. Rodewald, Alexander Black, Jr.,* and *Smith, Buchanan & Ingersoll,* for garnishees.

WEISS, J., November 22, 1950.—Plaintiffs filed a præcipe for a writ of foreign attachment on November 22, 1949. The writs were served on November 25, 1949, upon Youngstown Sheet and Tube Company, Bethlehem Steel Company, and Crown Cork and Seal Company of Baltimore, garnishees. Defendant, John S. Nachtman, a resident of Youngstown, Ohio, entered an appearance de bene esse and filed a petition under the Act of March 5, 1925, P. L. 23, to dissolve the attachment and quash the writ. In his petition defendant *alleged that no royalties were due defendant from garnishees* at the time of the service of the writ on November 25, 1949. By stipulation of counsel, certain

copies of contracts between defendant and garnishees were submitted to the court. Following oral arguments, briefs were submitted and the petition was dismissed by Judge Ellenbogen on February 21, 1950.

Defendant ruled plaintiff to file an affidavit of cause of action and the affidavit was filed. Exhibits C, F and G to the affidavit are copies of the same contracts which were before the court (Ellenbogen) on the motion to quash.

On August 23, 1950, defendant obtained the rule to show cause why the writ should not be quashed under the Act of March 5, 1925, P. L. 23, for want of jurisdiction. In support of the rule defendant states *"that no moneys were due or payable to defendant by garnishee on November 25, 1949, the date the writ was served"*.

The matter now comes for disposition before this court en banc.

### Question Involved

Has the court jurisdiction in foreign attachment when there are no funds due nonresident defendant by garnishees on the date the writs were served?

### Discussion

A writ of foreign attachment is an original writ. It is issued to commence an action, not against a person but against a res.

It must be borne in mind that "foreign attachment" is a statutory proceeding in rem against property of a nonresident defendant, located in the State, on original or mesne process in an action against such defendant, by which process the property is brought into custodia legis, and persons in possession of it are summoned as garnishees in the action. The purpose of the proceedings is to compel defendant to appear and defend the action against him. This principle was clearly enunciated by Mr. Justice Mestrezat in the case of Raymond v. Leishman, 243 Pa. 64, 69, when he said:

"Foreign attachment . . . is the equivalent of a summons for commencement of a personal action: . . . It is a process by which to commence a personal action and compel an appearance: . . . The foundation for a writ is that the defendant is beyond the reach of process and his property within it: . . . The purpose of the statute is to compel the constructive presence in court of the defendant who by reason of his absence from its jurisdiction without a dwelling place therein cannot be served with the summons. . . . *In construing the statute authorizing the issuance of the writ, its object should be kept in view so as to accomplish the intended purpose.*" (Italics supplied.)

Since the determination of the "motion to quash" by Judge Ellenbogen of this court, the parties herein have entered into and filed of record (October 16, 1950) the following:

### "STIPULATION:

"Without conceding relevancy, materiality or competency, plaintiffs are willing to agree that at the time the writ of foreign attachment was served none of the installments called for under the contracts, copies of which are attached to the affidavit of cause of action as Exhibits C, F, and G, were overdue and unpaid and that the garnishees had no property of defendant other than said contracts.

> "(s) REED, SMITH, SHAW & McCLAY,
> Charles E. Kenworthey
> "(s) CHARLES E. KENWORTHEY
> Reed, Smith, Shaw & McClay,
> Attorneys for Plaintiffs,
> 747 Union Trust Building,
> Pittsburgh, Pennsylvania."

Defendant contends that the contracts and the stipulation clearly show that when the writ was served there was no property of defendant in the hands of

garnishees. In such case, defendant contends the court is *without jurisdiction* and the writ must be quashed.

It appears clear from the exhibits and the arguments of counsel that whether the property of defendant is vested or contingent . . . or as to the contingency of the time of payment . . . or upon its "attachability" when the writ is served—is not before us in this proceeding.

We are in accord that the character of the property in the hands of the garnishee when the writ was served *cannot be considered* in a proceeding under the Act of 1925, for the Act of March 5, 1925, P. L. 23, sec. 1, 12 PS §672, provides:

"Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments."

In the case before us plaintiffs have alleged that defendant is a nonresident and has property in the jurisdiction. Several garnishees were served. Defendant refers to contracts attached to plaintiff's affidavit of cause of action and avers that under these contracts no moneys were due and owing defendant on the dates the writ issued and was served. This raises an issue of fact or law. The Act of 1925, supra, was not intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings however certain their ultimate determination may appear to be. These issues of law and fact relate to the right of plaintiff to recover in his action against garnishee. They do not relate to the courts' jurisdiction to inquire into and decide them. Many decisions of the Superior and Supreme Courts make it clear that matters of the

latter kind are within the scope of a petition under the Act of 1925; that issues of the former kind are not. In our opinion the Act of 1925, supra, is not applicable where the jurisdictional facts are in issue as part of the merits of the proceeding. Mr. Justice Horace Stern, speaking for the Supreme Court in the case of Zerbe Township School District et al. v. Thomas et al., 353 Pa. 163, said:

"Appellants misconceive the scope and purpose of the Act of 1925. Even if a plaintiff have no standing to bring his action, even if his statement of claim or bill in equity be demurrable, even if he fail to establish the allegations in his complaint, even if the court ultimately conclude that the relief he seeks should not be granted in whole or in part, not any or all of these circumstances would enter into, much less determine, the question whether the court has jurisdiction of the litigation.

" 'Whether or not a plaintiff has averred sufficient facts in his statement of claim to entitle him to recover, is not a matter open for consideration under the statute. His failure so to do would not raise a question of jurisdiction of the cause of action, as those words are used in the statute, since they relate solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs.': Skelton v. Lower Merion Township, 298 Pa. 471, 473, 148 A. 846.

" 'A court may have jurisdiction over the subject-matter of litigation even though the statement of claim or the bill of complaint be obviously demurrable as not setting forth a good cause of action. The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case.': Main Cleaners & Dyers, Inc., v. Colum-

bia Super Cleaners, Inc., 332 Pa. 71, 73, 74, 2 A. 2d 750, 751.

" 'It (The Act of 1925) was not intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings, however certain their ultimate determination may appear to be.': Lackawanna County v. James, 296 Pa. 225, 227, 145 A. 817.

" 'The matters . . . raised as a preliminary question in the court below went to the right of the plaintiff to *recover* on his cause of action rather than to his right to have his cause of action *heard and determined.* With the former the Act of March 5, 1925, . . . is not concerned.': Squire v. Fridenberg, 126 Pa. Superior Ct. 508, 512, 191 A. 631, 632."

The Foreign Attachment Act provides for a determination of whether garnishees have property of defendant. After judgment is had against defendant, plaintiff may proceed by scire facias against garnishee (Act of June 13, 1836, P. L. 568, sec. 54, 12 PS §2994) or by serving interrogatories on garnishee. Thereafter plaintiff may have judgment and execution, or if issue be taken, a trial and, if there were any goods in garnishee's hands, execution.

*Whether the garnishee has anything in his hands out of which a judgment against a foreign defendant can be satisfied is not a question of jurisdiction.* Ordinarily the question is not raised until after judgment: Marano v. Granata et al., 151 Pa. Superior Ct. 454. In the case of Rex et al. v. Paramount Rubber Company, 110 Pa. Superior Ct. 536, P. J. Keller said, at page 539:

". . . Whether the garnishee has in his hands money, debts, etc., due the defendant in the attachment, and if so, how much, is determined by the garnishee's answers to interrogatories, or if disputed, by the jury on the trial of the scire facias."

Also important in this proceeding is the status of garnishee's obligation under the contracts. We note sections 2 and 3, exhibit G, Affidavit of Cause of Action, that defendant on August 26, 1949, released Crown Cork and Seal Company (one of the garnishees) from liability for prior infringement of defendant's patents, and Crown Cork and Seal Company agreed to pay defendant, for the releases:

". . . the sum of Twenty Thousand Dollars ($20,-000.00) payable Five Hundred Dollars ($500.00) in cash upon the execution of this agreement and the balance of Nineteen Thousand, Five Hundred Dollars ($19,500.00) in twelve (12) equal annual installments of One Thousand, Six Hundred twenty-five Dollars ($1,625.00) each, the first installment to be paid on January 1, 1951 and the remaining installments on the first day of each year thereafter until said sum is paid in full."

It seems to us that garnishee's obligation to pay these sums is *unconditional*. The fact that the date of payment had not arrived when the writ was served is a *neutral circumstance* so far as the validity of the foreign attachment proceeding is concerned. All sums payable to defendant under these contracts (exhibits C, F and G) at the time of the service of the writ were *fixed amounts* due either on *demand* or in the *future* and *were not subject to any contingencies*. Therefore, garnishees had property of defendant subject to attachment. The contract between Bethlehem Steel Company and defendant provides:

"Bethlehem will, upon Nachtman's request at any time, pay Nachtman the then present value of all fees remaining unpaid hereunder in part at such time . . . ". The money is thus payable upon demand by defendant. Bank deposits are payable on demand and there is no doubt that they can be attached: Melnick B. & L. Association v. Melnick, 318 Pa. 120 (1935);

Mulvihill v. Philadelphia Saving Fund Society et al., 117 Pa. Superior Ct. 455 (1935) ; Morris Resnick B. & L. Association v. Barnes et al., 108 Pa. Superior Ct. 218 (1933).

The full amount due under the Bethlehem contract was thus due and payable at the time of the service of the writ.

If this proceeding were now before us on the merits, we would not on the present state of the record hold that the writ should be quashed on the ground that:

"Garnishee has no property of the defendant on the date of service, the writ of foreign attachment is ineffective" : Atkins v. Canadian SKF Co. et al., 353 Pa. 312.

But in the present state of the record before us, we need not decide whether the property of defendant in garnishee's hands was such as is necessary to support a proceeding in foreign attachment.

*The court has jurisdiction in this case, and the question of whether garnishees have property belonging to defendant is to be determined under the procedure set forth in the Foreign Attachment Act.*

Plaintiffs argued before this court and set forth in their brief that the present petition to quash now before this court en banc has been filed too late. The writ was served on November 25, 1949. The present petition attacking the jurisdiction was not filed until August 23, 1950, nine months later. In the interim, defendant appeared de bene esse and filed a petition to dissolve the attachment and quash the writ which was argued and decided against defendant.

The rule is well settled that a challenge to the jurisdiction under the Act of 1925 is waived *unless it is timely.* This principle has been upheld in the case of Selmer v. Smith, 285 Pa. 67, where a lapse of three months was held too long. However, while we do believe that the present petition has not been filed with

dispatch in accordance with the requirements of the law, we are basing our decision upon the jurisdictional factors set forth in this opinion.

The rule is discharged and the petition is hereby dismissed.