## Tonkonogy v. Levin et al.

Argued May 3, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE and PARKER, JJ.

*Sidney J. Watts,* and with him *Allen G. Lynch* and *Baker & Watts,* for appellants.

*Jacob A. Markel,* and with him *Maurice L. Avner,* for appellee.

OPINION BY PARKER, J., July 14, 1932:

These appeals involve the right of appellants to intervene in a pending action. The facts are the same in both appeals which were argued together and will be disposed of in one opinion.

E. G. Mueller became involved with D. J. Tonkonogy and I. H. Levin in certain disputes which were compromised by an agreement made on April 13, 1925, wherein Mueller in consideration of the performance of certain acts upon the part of the other two parties agreed to pay them something in excess of $100,000. The final installment of the amount so agreed to be paid, $10,000, was paid by Mueller about January 13, 1928, to Frank W. Stonecipher, Esq., as attorney for Tonkonogy and Levin. Tonkonogy, claiming the entire balance, brought an action in assumpsit against Stonecipher. Levin made claim to the same fund and threatened suit against Stonecipher. B. L. Benbow and L. S. Twomey, by writs of foreign attachment, attached the funds in the hands of Stonecipher on account of an indebtedness claimed to be due them from Tonkonogy and Levin. Thereupon Stonecipher presented a petition in the action brought against him by Tonkonogy disclaiming any interest in the fund, alleging that Levin, Benbow, Twomey and Tonkonogy were claimants, and praying that the four be interpleaded. The petition was granted and an issue was framed wherein Tonkonogy was made plaintiff and the other three claimants defendants. After the filing of the necessary pleadings the parties waived a jury trial, submitted the cause to the court under the Act of 1874 and trial was had on November 17, 1930. At the conclusion of the trial the appellants severally presented petitions to the court to intervene as claimants to the fund. The basis of the claim of right to intervene was that Tonkonogy and Levin in the agreement with Mueller had undertaken to make certain

settlements with the petitioners. The trial court allowed the petitions to intervene but a short time later, concluding that the orders should not have been granted, revoked the orders. Thereupon these appeals were taken.

The arguments of the respective parties indicate some confusion in the use of the terms intervention and interpleader. The difference between the two proceedings is defined in a note to Walker v. Sanders, 123 Am. St. Rep. 280, as follows: "Intervention is a proceeding by which one not originally made a party to an action or suit is permitted, on his own application, to appear therein and join one of the original parties in maintaining his cause of action or defense, or to assert some cause of action in favor of the intervener against some or all of the parties to the proceeding as originally instituted. It differs from interpleader with which it is sometimes confused, even in the statutes. The one is the coming between parties in a litigation already pending for the purpose of assisting the one or the other, or acting in hostility to both. The other is the institution of a suit against parties not before in court for the purpose of compelling them to litigate between themselves the right to property or the performance of an obligation, and he who compels them to interplead does not assist either, nor can he claim in hostility to either." The original petition by Stonecipher is a typical example of interpleader and it is equally clear that the petitions of appellants are for intervention.

As the matter is not controlled by statute, we are dependent in Pennsylvania upon general rules of law in determining the right to intervene and the proper procedure. As in interpleader so in intervention the granting of such a petition is often within the discretion of the trial court remembering that it is a judicial not an arbitrary discretion. It would not be

amiss to again repeat the observations of Chief Justice MARSHALL in Osborne v. United States Bank, 9 Wheaton 738, 866: "Judicial power, as contradistinguished from the power of the laws, has no existence. Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; and, when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or, in other words, to the will of the law."

"It is the general rule that an intervention is not a proper proceeding where it will have the effect of retarding the principal suit, of delaying the trial of the action, of requiring that the case shall be reopened for further evidence, of changing the position of the original parties, or of complicating the case and producing a multifariousness of parties and causes of action": 47 C. J. 108.

Here the application to intervene was not presented until after trial. In the feigned issue the parties waived the right of trial by jury and submitted their cause to the court. In the demurrer to the petition to intervene Tonkonogy gave written notice that he insisted on his right to trial by jury as to claim of appellants. A different issue was involved between Tonkonogy and Levin from that between Tonkonogy and appellants, which would have necessitated additional pleadings with certain delay. Tonkonogy had the right to have the proposed issue submitted under pleadings that would advise him as to the exact nature of the claims and then to be heard on such claim. Appellants did not have any special claim or lien on the fund and had not issued any attachment. The original

suit was for a sum of money which Stonecipher held as attorney for Tonkonogy and Levin and not for Mueller. Appellants were at best ordinary creditors of Tonkonogy. To hold that appellants had the right to intervene would be equivalent to saying that any creditor of a plaintiff in a suit for money might intervene. It is stating the matter mildly to say that this would lead to confusion, complicate the case and produce a "multifariousness of parties and causes of action." Not only was the action of the lower court the exercise of a sound judicial discretion but to have granted the petition would have been an abuse of judicial discretion.

The orders of the lower court are severally affirmed at the cost of the respective appellants.