## Appeal of Philadelphia & Reading Coal & Iron Company. No. 2.

*J. O. Ulrich*, for school district.

*Penrose Hertzler* and *M. M. Burke*, for appellant.

HICKS, P. J., February 25, 1935.—A review of the pertinent portions of varied proceedings in this case is necessary to show the exact situation which is before us. Two rules are undisposed of and, in the interest of time, we will dispose of both, although the written brief of the school district deals only with the rule for permission to intervene while that of The Philadelphia and Reading Coal and Iron Company deals with the rule to strike off the replication of the district to the answer of the latter in the former rule. No oral argument was had.

On July 15, 1931, the Philadelphia and Reading Coal and Iron Company (hereinafter termed appellant), alleging that it was aggrieved by the assess-

ments and valuations as finally adjusted by the county commissioners sitting as a board of revision and appeal for the triennial assessment for the years of 1931, 1932 and 1933 in the Borough of Tamaqua, filed its appeal therefrom to this court. Thereafter varied proceedings were taken in the cause, to which we need make no reference, until September 18, 1933, when, upon petition of appellant, leave was granted by this court to pay into court, in pursuance of the Act of June 12, 1931, P. L. 548, the amount of the county, poor, borough and school taxes levied against the appellant in the Borough of Tamaqua for the year 1933. On September 30, 1933, school taxes in the sum of $9,896.61 were paid to the prothonotary and on November 14, 1933, the county, poor and borough taxes were paid.

On May 28, 1934, upon petition of the School District of the Borough of Tamaqua, hereinafter termed the district, a rule was awarded to show cause why it should not be permitted to intervene as a party to the appeal. In the petition for the rule, after referring substantially to the recitals contained in the foregoing paragraph, ignoring the conclusions of law, it is set forth, (1) that the appellant did not aver, in its petition to pay the taxes into court under the Act of 1931, supra, what amount of the said school taxes so paid was reasonably free from dispute, and which the court should allocate and pay over to the district; (2) that the appeal of the appellant "from the valuation for 1931, 1932 and 1933, affects the said school district in its levy of . . . taxes for said years and may impair its financial affairs if it may not intervene in said appeal and endeavor . . . to prevent a reduction" in the assessment; (3) that the Act of June 12, 1931, P. L. 547, authorizes an appeal by the district from the judgment, order or decree of the court of common pleas in any matter affecting the assessment to the Supreme or Superior Court; and (4), that the payment of said tax into court pending the disposition of the appeal deprives the school district "of the use of the tax to which it is entitled and thereby gives it such interest in said appeal as should permit it to defend and resist, and said act of assembly giving it the right to appeal makes said school district an interested party with the right to intervene in said appeal" of appellant to this court from the board of revision and appeal.

On June 11, 1934, the appellant filed an answer which is substantially a demurrer. To this answer, the district filed, on September 10, 1934, what is termed a replication. It is repetitious, argumentative, includes averments of facts which if essential should have been set out in the petition for intervention, and is really a brief of argument to support its contention that it should be permitted to intervene. Upon petition of appellant alleging that the paper filed was not a replication, a rule was granted on September 17, 1934, to show cause why it should not be stricken off. No answer was filed to this rule by the district, in its written brief of argument, no reference is made to this rule, and we might well consider this as a tacit admission at least that the rule to strike off this so-called replication was well taken.

Since it must be stricken off because it is not a replication or proper reply to appellant's answer, we will refer to some phases of it. We must keep in mind that the underlying rule is one for intervention in a tax appeal from the county commissioners, sitting as a board of revision and appeal in 1931, to the court of common pleas; also that the reasons for intervention are to prevent a reduction in the valuation fixed by said board by the court in the pending appeal and because the appeal affects the district in its levy of school taxes and "may impair its financial affairs". There are other averments of fact in the petition, as well as conclusions of law, which are wholly irrelevant and without legal support. These are ignored.

In the replication, the district recalls the admission in the answer of appellant that its property in Tamaqua was valued for the years 1931, 1932 and 1933 at $468,100, and then makes the averments that this valuation was agreed to by the county commissioners and appellant in 1925; that the latter did not appeal from said valuation from 1921 to 1931 and that in its appeal in 1931, it did not aver any legal reason for said appeal or that any improvements were removed or destroyed or that there had been any diminution in mineral resources. After repeating the admission in the answer that the school taxes were levied on the 1931 triennial valuation, the district avers that said valuation was the same as the previous triennial; that the taxes paid into court were the same since 1925 and the tax for 1933 was levied upon the assessment and valuation for previous years. It contains irrelevant legal argument to the effect that the appellant in its petition to pay money into court should have set out the amount reasonably free from dispute so that the court might have allocated it to the district and not having done so, it had no right to pay the money into court and therefore all the school taxes paid belong to the district since the Act of 1931, supra, does not require the school district to allocate said tax. Even if properly pleaded, this argument is wholly unfounded. See our opinion of this date on motion of district to direct prothonotary to pay moneys in his possession to it, in tax appeal of appellant from 1934 assessment: Appeal of Philadelphia and Reading Coal and Iron Company (No. 1), 22 D. & C. 472.

After referring to the denial in the answer, as general as the corresponding averment in the district's petition, "that the said appeal affects said school district in its levy of school tax for the years 1931, 1932 and 1933 and that it may impair its financial affairs if it cannot intervene to prevent a reduction of said assessment", it argues that it had no notice of the appeal in 1931, 1932 nor 1933 and regulated its affairs according to prior assessment of 1925 which was the same as in 1931; and that it was not a party to the appeal but is authorized to appeal by the Act of May 22, 1933, P. L. 853, 878, sec. 520. It closes with a repetition of legal argument in support of the averments in the petition to intervene.

The whole structure of the so-called replication is, we repeat, faulty. It is filled with conclusions of law and of fact, legal arguments, and averments of facts which, if essential, should have been contained in the petition for intervention. And it is repetitious. No new facts were set out in the answer, and such as were contained in the petition and were not admitted, are traversed in the answer. But no depositions were taken to support the petition. Generally speaking, in our modern pleading, the office of a replication is to deny such averments of the defendant's answer as the plaintiff does not admit to be true. Averments necessary to entitle petitioner to the relief sought must be contained in the petition and may not be supplied by incorporating such matters in the replication: 21 R. C. L. 554, sec. 115 et seq.; 49 C. J. secs. 392, 405, 408, 420; 1 Troubat & Haly's Practice (6th ed.) 721-725.

This brings us to the question, whether the district, after 3 years, should be permitted to intervene in a tax appeal pending in this court from a valuation adjusted by the county commissioners, sitting as a board of revision and appeal. The district argues that it has such an interest as entitles it to intervene because: (1) "if the assessment for 1933 should be reduced the school district would receive less tax and it has an interest in maintaining said assessment as made by the county commissioners"; (2) the Act of May 22, 1933, P. L. 853, sec. 520, authorizes school districts, which may feel aggrieved by any

assessment for its corporate purposes, to appeal therefrom to the proper board of revision, court of common pleas, or to the Supreme or Superior Court in the same manner, subject to the same procedure, and with like effect as if such appeal were taken by a taxable with respect to his property; and (3) this act places "a school district on the same footing as any other taxpayer and thereunder this petition to intervene should be made absolute as to the rule therein."

Intervention is a proceeding by which one not originally made a party to an action or suit is permitted, on his own application, to appear therein and join one of the original parties in maintaining his cause of action or defense, or to assert some cause of action in favor of the intervener against some or all of the parties to the proceeding as originally instituted. "As the matter is not controlled by statute, we are dependent in Pennsylvania upon general rules of law in determining the right to intervene and the proper procedure. As in interpleader so in intervention the granting of such a petition is often within the discretion of the trial court remembering that it is a judicial not an arbitrary discretion": Tonkonogy v. Levin et al., 106 Pa. Superior Ct. 448, 451; 47 C. J. 93, 94, sec. 185.

The whole matter of taxation is of statutory origin and all authorities having to do with the valuation and assessment of lands and the levy and collection of taxes must look to the statutes dealing with the subject for their authority to act: Philadelphia & Reading Coal & Iron Co. v. Northumberland County Commissioners, 229 Pa. 460, 464. Hence any right which the district may have in reference to the valuation and assessment of the appellant's property for taxation within its boundary must have statutory basis. The assessment must be made by the assessor and it still remains his assessment although revised or adjusted by future statutory procedural steps. An appeal from the valuation fixed by the assessors to the county commissioners was first authorized by the Act of April 15, 1834, P. L. 509. Before the adoption of the present constitution, special acts for different counties were passed authorizing appeals from the valuation of the county commissioners to the courts of common pleas. But no general act was passed until that of April 19, 1889, P. L. 37. See Rockhill Iron & Coal Co. v. Fulton County, 204 Pa. 44, 46.

This act authorized "any owner of real estate or taxable property . . ., who may feel aggrieved by the last or any future assessment or valuation of his real estate or taxable property, may appeal from the decision of the county commissioners, or board of revision and appeal, to the court of common pleas."

Appeals from the common pleas to the Supreme or Superior Court were authorized in the same manner as in other cases by the Act of June 26, 1901, P. L. 601. Prior to this act, no appeal lay from the decision of the common pleas on an appeal from a tax assessment to the Supreme or Superior Court: Kimber v. Schuylkill County, 20 Pa. 366; Silver v. Schuylkill County, 20 Pa. 369.

From 1834 to 1921, or a period of 87 years, the only party who could appeal to the county commissioners, court of common pleas, Superior or Supreme Court from any valuation of his property for purposes of taxation was the owner who was aggrieved by such assessment or valuation. No school district could appeal from it, regardless of any injury which might be worked by reason thereof. By the Act of May 10, 1921, P. L. 441, 72 PS §5183, the corporate authorities of a school district, etc., which "may feel aggrieved by any assessment of any property or other subject of taxation for its corporate purposes, shall have the right to appeal therefrom to the proper board of revision, court of common pleas, or to the Supreme or Superior Court, in the same manner,

subject to the same procedure, and with like effect, as if such appeal were taken by a taxable." This act was expressly repealed by the General County Assessment Law of May 22, 1933, P. L. 853, sec. 601, but reënacted verbatim in said act as section 520, 72 PS §5020. Although the Act of 1901, supra, relating to appeals of aggrieved owners, had been amended by the Act of June 12, 1931, P. L. 547, to include school districts, etc., it was later repealed by the said General County Assessment Law of 1933, and reënacted as to aggrieved owners as section 518. The amendatory Act of 1931, in allowing aggrieved school districts, etc., to appeal, permitted such appeals only "from the judgment, order or decree of any court of common pleas . . . to the Supreme or Superior Court." When the petition to intervene was filed, the school district did have, under the Act of 1933, supra, sec. 520, the right to appeal to the board of revision, court of common pleas, or the Supreme or Superior Court, in the same manner, subject to the same procedure and with like effect, as if such appeal were taken by a taxable with respect to his property.

We have reviewed the history of the legislation in order to show that prior to 1921, only the aggrieved individual landowner had the right of appeal: Commonwealth v. Siebert, 7 Just. 227, 231; and that thereafter school districts were permitted an appeal only if aggrieved by an assessment, and then only in the same fashion and by the same procedure as the individual landowner.

The county is charged, through the county commissioners, with sustaining the valuation and assessment as determined by the board of revision, not only for one municipality but the whole county. These public officials in the instant case are performing their duty. The petitioner does not aver any dereliction on their part in their opposition to the appellant. The valuation as determined by the board of revision, composed of the county commissioners, from which the landowner appealed to this court, is satisfactory to the district and so it is not aggrieved. It desires to intervene because there may be a reduction in the valuation, after hearing, by order of the court of common pleas, which would "impair its financial affairs", and it wishes to endeavor to prevent this. How it could do that any better than, or as well as the County of Schuylkill, or what benefit would be derived by a multiplicity of parties, we are unable to see. It is only when the school district is aggrieved by any valuation or assessment that it may interject itself into the review of the said assessment. Because it may be aggrieved when the pending appeal is decided by this court is not substantial enough to permit it to intervene now and there is no warrant in law for it. Such interest as it has is well taken care of by the county, nothing to the contrary appearing. We are unwilling to permit the corporate authorities of every city, borough, town, township, school or poor district to intervene in the landowners' appeals from assessments within their boundaries, where the valuations as fixed by the board of revision are entirely satisfactory to and unappealed from by them and the county commissioners are performing their duties in defending such valuations, just because the court of common pleas may, after hearing, reduce them. Hopeless confusion would result and the litigation hampered and delayed as well as complicated: 47 C. J. 108.

The other averments in the petition are irrelevant and are not considered.

And now, February 25, 1935, the rule to show cause why the replication should not be stricken off is hereby made absolute and the rule to show cause why the School District of the Borough of Tamaqua should not be permitted to intervene in the tax appeal is discharged. Costs to be paid by the petitioner for intervention.