Erie Anti-Tuberculosis Society et al. *v.* Willis,
Appellant.

Argued March 24, 1936.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

98

*S. Y. Rossiter,* for appellant.

*W. Pitt Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, May 25, 1936:

In this mandamus proceeding it is sought to compel the county controller of Erie County to approve the plans and specifications and the site for a county tuberculosis hospital, approval of which he has declined. The court below by peremptory writ commanded him to approve. From this order the controller has appealed.

The Act of May 2, 1929, P. L. 1278, 16 PS section 622 et seq., which authorizes the establishing of county tuberculosis hospitals, provides in section 625: "If a majority of the electors voting upon such question at such election shall be in favor of the establishment of the hospital, the county commissioners shall, after consultation with the advisory board, select a site for such hospital, and shall have plans and specifications prepared for such hospital, but no such hospital shall be erected until such plans and specifications, and the site therefor, have been first approved by the secretary of health and the county controller, if there be a controller in said county." The position assumed by appellant is that under this section and section 341 of the act, which fixes the general su-

pervisory powers of the controller in the fiscal affairs of the county, he may withhold his approval, where the county's financial condition and the nature of the times do not in his opinion justify the expenditures required. He admitted when upon the witness stand that he had no objection to the plans and specifications or to the site.

The position taken by the controller is an untenable one as all our cases defining the duties and powers of controllers demonstrate. Thus in *Thayer v. McCaslin,* 314 Pa. 553, where the erection of a courthouse was in question and where the controller declined to approve the bill of the architects of the building and contended that section 341 of the act empowered him to exercise discretion in the approval of the bill, we said, page 557: "This [section 341] refers to the accounting side of the county's business, not the contracting and management part thereof. Controllers are not overlords of the other county officers. . . . He [the controller] is not intrusted with the duty of making, or even of supervising the contracts of other departments. He is the [county's] head bookkeeper, and his office is to see that the various departments do not exceed their appropriations, nor apply them to purposes not within their scope. . . . They [his powers] do not extend to the revision of lawful contracts made by other departments within their proper sphere." The opinion in that case and the authorities cited in it dispose of the main contention advanced by appellant.

There are minor matters adverted to by appellant in his argument and brief which require but little attention. One of them is that the vote of the people was taken in 1922 and that it is now too late to act upon that vote. Whether under any circumstances this argument would be available to appellant may be doubted, but when it appears, as it does, that the real reason why no action was taken by the authorities sooner was that tests of the constitutionality of the Act of May 20, 1921, P. L. 944, were being made, and because of further litigation

which delayed the project, we think the argument has no force.

Another matter discussed was that the hospital as proposed will not accommodate all the tuberculous persons in Erie County; that the act (section 629) requires that the hospital shall be used for the benefit of *all* inhabitants resident within the county afflicted with tuberculosis. The record discloses that the hospital as planned is capable of enlargement to meet any further requirements that may be necessary. Provision has been made for additions to the building if required. Common sense would indicate that the hospital ought not to be so large as to accommodate every tuberculous person in the county at the same time.

It is said that when the proceeding was originally brought the district attorney was not a party plaintiff. After it was begun and before hearing the district attorney assented to the use of his name. This cured any irregularity.

The order of the court below awarding the writ of peremptory mandamus is affirmed at the cost of appellant.