## Kittanning Country Club's Liquor License Case

Argued October 26, 1936.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES,
JJ.

*Charles E. Harrington,* for appellant.

*Edward J. Steiner,* for appellee, (No. 99), was not
heard.

*Harry C. Golden,* for appellee, (No. 100), was not
heard.

OPINION BY BALDRIGE, J., January 29, 1937:

These two appeals involving the same question were
argued together and will be disposed of in one opinion.

Leon Kasnevich, the appellee in No. 99, April Term,
1937, appealed to the court of quarter sessions from the
refusal of the Liquor Control Board to grant him a
restaurant liquor license for the year expiring April 30,
1937. The board gave as a reason for its action that
the electors of the township, in which the restaurant is
located, had voted against the issuance of liquor li-

censes, and that it was, therefore, "restrained from issuing a liquor license to" the applicant.

June 6, 1936, was the date set by the court for the hearing, and, in accordance with the Liquor Control Act of 1933, Sp. Sess., November 29, P. L. 15, as amended July 18, 1935, P. L. 1246 (47 PS §744), notice thereof was given to the board, and at this hearing, as well as the subsequent hearings, the petitioner and the board were represented by counsel. That same day, W. M. Rhea, appellant herein, and other qualified taxpayers and residents of the township petitioned the court to intervene, and that right was granted.

The appellees herein contend that the learned court below was without authority to permit the appellant and the other taxpayers to intervene, as there was no statute relating to this particular proceeding that warranted such an action (citing *Andrews v. New Bethlehem Window Glass Co.,* 268 Pa. 565, 112 A. 90; *Tonkonogy v. Levin et al.,* 106 Pa. Superior Ct. 448, 162 A. 315). No appeal was taken from that order, so that, whether the court was right or wrong, the appellant now has the status of an intervenor.

The intervenors, upon their being made parties to the proceeding, petitioned the court forthwith to quash the appeal. On June 20, 1936, this motion was refused. On June 25, 1936, they moved the court to grant a rule to strike off the appeal. Two days thereafter, the court denied this motion and proceeded to hear evidence. The Kittanning Country Club, appellee in this court to No. 100, April Term, 1937, whose application for renewal of a club liquor license had been refused on the same grounds as in the Kasnevich case, by agreement of counsel joined in the hearing. These appeals followed.

The appellant contends that the lower court erred in peremptorily refusing motions to strike off the appeals and that the intervenors were entitled to a rule to

show cause and to demand that the respondents answer under section 1 of the Act of 1925, March 5, P. L. 23 (12 PS §672), which provides:

"Whenever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require."

Section 4 (12 PS §675) provides:

"The right of appeal here conferred is not intended to cover questions of jurisdiction which go to the form of the action alone as between law and equity, such as provided for in the Act of June seven, one thousand nine hundred and seven (Pamphlet Laws, four hundred and forty)."

These appeals cannot be successfully prosecuted for at least two reasons. The first is, that the intervenors were not in a position to insist that the appeals be stricken off, as they were bound by the record of the case at the time of their intervention and must take the proceedings as they find them. See *Sailor Planing M. & L. Co. v. Moyer,* 35 Pa. Superior Ct. 503; *Tonkonogy v. Levin et al.,* supra.

The second, and the stronger, is, that the Act of 1933, as amended, supra, specifically gives the right of appeal. That right cannot be denied. The appellate courts, in a number of cases, have stated that the purpose of the Act of March 5, 1925, supra, is for the protection of a defendant so that he may have determined, preliminarily, "whether he is required to answer to the action, instead of having to wait until after he has incurred the delay and expense of a trial and appeal, only to find out, at the end of the litigation, that the case should not have been heard on the merits at all. It was not intended to furnish a short cut to a determination of the issues of law or fact, raised by the pleadings,

however certain their ultimate determination may appear to be": *Lackawanna County v. James et al.,* 296 Pa. 225, 227, 145 A. 817. Many of the authorities on this question have been collated in *Heffernan's Appeal,* 121 Pa. Superior Ct. 544, 184 A. 286, and it is unnecessary to cite them here. That case, which is relied upon by the appellant, differs in its facts from the case at bar, in that it did not arise from the refusal to grant a liquor license but to revoke a license, and the defendant was brought into court by compulsory process.

The appeals from the refusal to grant these licenses were taken under section 404 of the amended Liquor Control Act of 1935, supra (47 PS §744-404), which provides that upon appeal by an aggrieved party a hearing shall be had by the court of quarter sessions, and, after consideration, the court shall either sustain the refusal of the board or order the issuance of the license to the applicant. They were taken in time, and the petitions were sufficient in form and substance, and all the procedure was entirely regular. A hearing is clearly contemplated by this statute, otherwise the right of appeal would be useless.

The appellant argues that the primary purpose of the appeals was to raise an election contest and collaterally attack the returns of an election, and that this may not be done. The appellees claim no such action was ever considered, as the election was not questioned in any way. Their claim, as we understand it, is that they have the right to inspect the official returns for the purpose of determining what question was actually voted upon and decided at the election; that the returns clearly and admittedly show that the electors of the two election districts included in the township did not vote against the granting of liquor licenses. The proper procedure at the hearing, or the evidence to be admitted or excluded, we are not called upon to determine. The only matter with which we are concerned

now is whether the court below was correct in not sustaining the motion to strike off the petitioners' appeals because it did not have jurisdiction of the parties or the cause. There can be no possible question that petitioners, whose applications for licenses had been refused, had the right of appeal, and that the court had jurisdiction over the intervenors who voluntarily appeared in court and asked to participate in the proceedings. Nor can it be gainsaid that the court had jurisdiction over the subject-matter of the controversy. We expressly so held in *Heffernan's Appeal,* supra. The petitioners, in moving to strike off the appeals, did not raise the question of jurisdiction; they averred matters only that might or might not affect the ultimate decision of the court.

The court was not compelled to grant a rule to show cause where there were no issues of fact raised. The act expressly provides that the question raised may be determined on the pleadings. Certainly, if the court is convinced that the facts averred in the petition to strike off are insufficient to grant a rule, he is not required to do so. The postponement of a decision would result only in unnecessary delay and hardship to the parties and defeat their right to have their controversy disposed of as expeditiously as may be possible.

In *Lewis v. Beatty,* 306 Pa. 242, 159 A. 441, summons was served on both defendants. A plea of abatement was filed, alleging misjoinder. Thereupon the plaintiff amended by striking off the name of one of the defendants, and the plea was overruled. From this order, the defendant appealed, and presented a petition praying that the action be dismissed for lack of jurisdiction under the Act of 1925, supra. It does not appear that a rule was granted before the petition was refused. The Supreme Court upheld this action.

The views we have expressed in this opinion are not in conflict with our decision in the case of *Hickey v.*

*Phila. Elec. Co,.* 122 Pa. Superior Ct. 213, 184 A. 553. President Judge KELLER there simply stated that a rule should be granted "if required to establish facts averred in the petition." That may be necessary in some cases, for instance, if the question of jurisdiction over the person of a defendant is involved. A rule to show cause may then be proper. Such is not the case here.

The decrees of the lower court are affirmed, at appellant's costs.