## Kittanning Country Club's Liquor License Case.
## Kasnevich's Liquor License Case.

Argued May 7, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Charles E. Harrington,* for appellant.

*Harry C. Golden,* for appellee, No. 30.

*Edward J. Steiner,* for appellee, No. 31.

Opinion by Rhodes, J., September 29, 1937:

The Pennsylvania Liquor Control Board refused to grant liquor licenses to appellees on the ground that an election was held November 5, 1935, at which time the electors of North Buffalo Township, Armstrong County, had voted against the issuance of such licenses. Appellees appealed to the Court of Quarter Sessions of Armstrong County from the action of the Pennsylvania

Liquor Control Board, and denied that the electors of North Buffalo Township, Armstrong County, had voted against the issuance of any further liquor licenses. Sundry qualified electors, taxpayers, and residents of North Buffalo Township were, on petition, permitted to intervene. Intervenors moved to quash and to strike off the appeals. These motions were denied by the court below, and the intervenors appealed to this court which sustained the action of the court below. See *Kittanning Country Club's Liquor License Case,* 124 Pa. Superior Ct. 582, 189 A. 679. After hearing, the court below sustained the appeals from the board's refusal, and directed the board to grant licenses to the appellees upon compliance with all requirements, having found that under the evidence there had been no legal referendum to determine the question of whether or not liquor licenses should be granted in North Buffalo Township. These two appeals have been taken from such orders and decrees of the court below.

There is no dispute about the material facts; and the ultimate position of appellees is this: That the referendum was void.

It appears that North Buffalo Township is divided into two election districts—eastern and western. The official ballots show the question voted upon in the two election districts to be as follows: In the western district—"Do you favor the granting of liquor licenses for the sale of liquor in the Township of North Buffalo-Western, Armstrong County?" In the eastern district —"Do you favor the granting of liquor licenses for the sale of liquor in the Township of North Buffalo-Eastern, Armstrong County?" The return sheet executed by the election board for the eastern district discloses that, of the electors in that district, 67 voted "Yes," and 62 voted "No," upon the above question. In the western district 67 voted "Yes," and 111 voted "No." Thus from the two districts a total of 134 voted "Yes," and 173

voted "No." The vote was computed by the Court of Common Pleas of Armstrong County, and the computation certified by the president judge of that court. One copy of the official computation thus made by the court of common pleas was sent to the Secretary of the Commonwealth. The entries in the election docket in the prothonotary's office were copied from, and are identical with, the official computation. All of the records pertaining to the election in question were filed in the prothonotary's office of Armstrong County. The prothonotary of Armstrong County, under the seal of the court of common pleas, issued the following certificate which was forwarded to, and is on file with, the Pennsylvania Liquor Control Board:

"R. H. McGRAW
"*Prothonotary*

"Kittanning, Penna.
Nov. 16th, 1935

"Commonwealth of Pennsylvania
"Pennsylvania Liquor Control Board,
"C. E. Smith, Director of Licensing
and Enforcement
"Harrisburg, Pa.

"Dear Sir:

"I hereby certify the following to be the result of the local option vote in Armstrong County on Nov. 5, 1935, on the two following questions,

"Do you favor the granting of liquor licenses for the sale of liquor in:

"Do you favor the granting of malt and brewed beverage retail licenses for consumption on premises where sold in:

|  | Liquor | | Malt | |
| --- | --- | --- | --- | --- |
|  | Yes | No | Yes | No |
| North Buffalo Twp. .... | 134 | 173 | 129 | 172 |

[Boroughs and townships not involved omitted.]

"Very truly yours,

"R. H. McGraw

R. H. McGraw, Prothonotary,"

"(Seal)

Section 501 of the "Pennsylvania Liquor Control Act" of 1933, Sp. Sess., November 29, P. L. 15, art. V, as reenacted and amended 1935, July 18, P. L. 1246, §1 (47 PS §744-501), provides that in any municipality an election may be held, but not oftener than once in four years, on the date of any general or municipal election, to determine the will of the electors with respect to the granting of liquor licenses by the board to applicants within the limits of such municipality.

Section 2 of the same act (47 PS §744-2) defines "municipality" as "any city, borough, incorporated town, or township of this Commonwealth."

Section 502 (47 PS §744-502) provides: "Whenever electors equal to at least ten per centum of the highest vote cast for any office in the municipality or township at the last preceding general election shall petition the corporate authorities of the municipality or township for a referendum on the question of granting such liquor licenses, the respective corporate authorities shall cause a question to be submitted at the general or municipal election occurring at least sixty days thereafter, by certifying a resolution, duly adopted, to the county commissioners for submission of such question, on the ballot or on voting machines, at such election in the manner provided by the election laws of the Commonwealth.

"Such question shall be in the following form:

| Do you favor the granting of liquor licenses for the sale of liquor in          of          ? | Yes _____ No | _____ |

"If a majority of the persons voting on such question vote 'Yes,' then liquor licenses shall be granted by the board to hotels, restaurants and clubs in such municipality or township for the sale of liquors under the provisions of this act, but if a majority of the persons voting on such question vote 'No,' then the board shall thereafter have no power to grant or to renew, upon their expiration, any liquor licenses in such municipality or township, under the provisions of this act, unless and until the people therein shall, at a later time, have again voted on the question and decided in the affirmative." (1933, Sp. Sess., Nov. 29, P. L. 15, art. V, §502, as reenacted and amended 1935, July 18, P. L. 1246, §1.)

It may be true that the question voted on was not worded exactly as the statute prescribes, and objection to its form might have been sustained if made before or after the election by proper procedure. By means of the proper remedy, it might have been shown that there was some confusion as to the nature and effect of the question, although the statute itself provides that the referendum must apply to the township as a whole; had witnesses thus been called to testify, it might have disclosed that there was some difficulty in comprehending the question on which they were voting. No complaint was made at any time under the election laws and in the available manner as to the validity of the election or the regularity of any of the proceedings in connection therewith. The form of question, the official computation, and the prothonotary's certification to the Pennsylvania Liquor Control Board remain unchallenged except collaterally.

All reasonable intendments should be made in favor of the legality of an election. *Wheelock's Election,* 82 Pa. 297; *Krickbaum's Contested Election,* 221 Pa. 521, 70 A. 852. We cannot here say that the electors did not know that the proposition to be determined was that

authorized by the statute, i. e., whether liquor licenses should be granted within North Buffalo Township. We believe that there was sufficient evidence of the expression of the will of the electors, computed and certified to the Liquor Control Board.

It was not within the power of the court below in these proceedings to invalidate the election after computation of the vote by the court of common pleas and its certification by the prothonotary and action thereon by the Pennsylvania Liquor Control Board, because, in its opinion, the question voted upon was limited as to whether or not liquor licenses should be granted only in the respective election districts. It could as well, and with no more effect, have said that the words "Eastern, Armstrong County," on the ballots in the eastern district, and "Western, Armstrong County," on the ballots in the western district, following the question in the statutory form and separated by a dash, were surplusage and merely identified the ballots to be used in the respective election districts into which the township was divided for election purposes.

The conclusion of the court below, if sound, would jeopardize the finality of all special referenda. Under no circumstances is any election to be lightly set aside. It would be a surprising extension of judicial review for our courts to invalidate an election in such proceedings as we have before us.

The order and decree of the court below are reversed.