## Hinnershitz Cemetery Co. v. Miller

*Frederick J. Bertolet*, for petitioner.

*John G. Rothermel* and *George B. Balmer*, contra.

SCHAEFFER, P. J., November 6, 1939.—Plaintiff, a cemetery company, by its bill seeks to restrain C. L. Miller, a contractor, from entering upon and appropriating any portion of plaintiff's cemetery for highway purposes. The bill avers that Miller is "under contract with the Commonwealth of Pennsylvania, Department of Highways, for the reconstruction and relocation of a road between

Reading and Tuckerton;" that plaintiff is the owner of a tract of land along said highway and on said land conducts a cemetery; and that "in reconstructing and relocating said road . . . the Commonwealth of Pennsylvania, Department of Highways, according to the plans of said Department of Highways, intends to take for road purposes part of the property of your orator used for cemetery purposes."

At the hearing upon plaintiff's application for a preliminary injunction, there was presented the petition of Mr. Hughes, Secretary of Highways of the Commonwealth, setting forth that the Highway Department of the Commonwealth is a party in interest for the reason that any relief accorded plaintiff under the bill will also restrain the Department of Highways in pursuing its lawful rights and prerogatives in the reconstruction and relocating of said road and praying that in accordance with the provisions of the Act of May 28, 1915, P. L. 616, as amended by the Act of July 7, 1919, P. L. 731, the Commonwealth of Pennsylvania be allowed to intervene de bene esse as defendant and to "enter its appearance de bene esse for the sole purpose of questioning the jurisdiction" of this court.

Upon the presentation of this petition a rule was granted and argument has been had.

The Act of 1915, supra, sec. 1, as amended by the Act of 1919, supra, provides:

"That in all cases at law or in equity . . . in which the Commonwealth or any officer thereof may be a party, or in which the Commonwealth may have any interest, the Commonwealth shall have the right to intervene, and to appear, plead, prosecute, defend, or appeal, as other parties litigant . . .".

Clearly the Commonwealth of Pennsylvania, Department of Highways, has an interest in this case. According to the bill, Miller's connection with the controversy arises through his contract with that department, the reconstruction and relocation proposed is according to the

plans of that department, and either Miller or an employe of the department has placed stakes on plaintiff's property. It is the Commonwealth that is reconstructing and relocating this road; defendant Miller is but the Commonwealth's instrument.

It would appear, therefore, that under the Act of 1915 the Commonwealth has a right to intervene. " 'Intervention is a proceeding by which one not originally made a party to an action or suit is permitted, on his own application, to appear therein and join one of the original parties in maintaining his cause of action or defense, or to assert some cause of action in favor of the intervener against some or all the parties to the proceeding as originally instituted. . . . [It] is the coming between parties in a litigation already pending for the purpose of assisting the one or the other, or acting in hostility to both' ": Tonkonogy v. Levin et al., 106 Pa. Superior Ct. 448, 451.

The petition of the Commonwealth, however, is to intervene de bene esse—which is provisionally. Plaintiff replies that there is no authority, precedent, or principle upon which it may do so. The act gives it the right "to intervene, and to appear, plead, prosecute, defend, or appeal, as other parties litigant". We know of no case in which the Commonwealth or anyone else has been permitted to intervene de bene esse. In fact, by our Rule of Court 12, no appearance de bene esse shall be allowed. Of course, this rule must give way to Equity Rule 29, of the Supreme Court. According to that:

"Any party served with a bill in equity, or served by summons in an equity case, who wishes to question the jurisdiction of the court over him or his property, may" do so by petition, "but such procedure shall be deemed *de bene esse* only and shall not operate as a general appearance."

Ordinarily, when a party intervenes in a suit, he is in the case just as if he had instituted it or had been brought in by summons. It is true that interveners are bound by

the record of the case at the time of their intervention and must take the proceedings as they find them: Kittanning Country Club's Liquor License Case, 124 Pa. Superior Ct. 582; but in our case the only pleading is the bill; the time within which defendant Miller must file his answer has not yet expired.

When the Commonwealth has intervened as a party defendant, it may under the Act of 1915 appear, plead, prosecute, defend, or appeal as other parties litigant. Upon such intervention being perfected, there is no reason why the Commonwealth, like any other party defendant, should not be permitted to challenge the jurisdiction of this court by petition under Equity Rule 29, or by proceeding in accordance with the provisions of the Act of March 5, 1925, P. L. 23, 12 PS §672. In so doing it can have the question of the jurisdiction of the court over the controversy in suit determined.

Such determination is fundamentally in the interest of both plaintiff, defendant, and the Commonwealth. By its pleadings plaintiff recognizes that it is really the Commonwealth and not Miller who seeks to appropriate its land, but plaintiff found itself unable to obtain service upon the Commonwealth in this county so as to bring the Commonwealth before this court. Again, if jurisdiction over the cause be actually in the Dauphin County court and not here, the litigation here could never accomplish any determination of that cause.

Accordingly we shall treat the Commonwealth's petition as a petition to intervene generally in the cause which must be granted by us. Subsequent proceedings must await the action of the parties.

And now, to wit, November 6, 1939, it is ordered and decreed that the Commonwealth of Pennsylvania be allowed to intervene as a party defendant and an exception to this decree is directed to be noted both for plaintiff and for the Commonwealth.