## Carroll v. The Commissioners of Lower Merion Township. No. 2

*Desmond J. McTighe*, of *McTighe, Markel & Coates*, and *C. William Kraft, Jr.*, for complainant.

*Edward M. Hawes*, of *Wright, Mauck & Hawes*, and *John E. Forsythe*, for respondents.

*Roland Fleer*, for intervenor.

KNIGHT, P. J., March 17, 1947.—Plaintiff filed a bill in equity asking that defendants be enjoined from enacting any amendment to the township zoning ordinance which would prevent or hinder his obtaining a permit to erect 40 single-family semi-detached dwellings on a tract of land located in Lower Merion Township.

Present petitioners have asked leave to intervene as defendants in the case.

In support of their application they aver that they own property in the immediate vicinity of plaintiff's

land, which adjoins a township park; that all but a few of the dwellings in the immediate vicinity are detached dwellings; that plaintiff's land is the last tract of undeveloped land in the community of Penn Wynne; and that if plaintiff is permitted to erect the dwellings he seeks to build permanent and irreparable damage will result to petitioners' properties, to the township park and to the entire community. Plaintiff's answer to this petition denies that petitioners have any rights which must be protected in the present suit, and further denies that any irreparable damage will result as alleged.

After argument the matter is pending for decision.

In our opinion the petition to intervene must be dismissed. In equity, intervention is permitted under Equity Rule 25, which provides:

"By leave of court, any person or persons claiming an interest in a pending suit, may be permitted to assert his, her or their right by intervention at any stage of the proceedings; but this shall be in subordination to and in recognition of the propriety of such suit."

Generally speaking, intervention is not a matter of right but rests within the sound discretion of the court. See Blythe v. Maxwell, 59 Montg. 202 (1943) ; 8 Standard Pa. Practice, 133, 376-77.

There are two reasons why we should not exercise our discretion to permit the requested intervention.

In the first place, the rights of private citizens who are property owners are entirely different from the rights of a municipality. To allow these individual property owners to intervene would, in our opinion, change the issues, or at least add other issues, a result which is to be avoided: Tonkonogy v. Levin, 106 Pa. Superior Ct. 448 (1932) ; Township of Whitemarsh v. Chemical Concentrates Corp., 56 D. & C. 370.

In the second place, it is to be assumed that original defendants will act in a manner which should be bene-

ficial to the community as a whole, and will defend this action in furtherance of the interest of the citizens of the township. In this sense, the interests of petitioners are adequately represented by the original defendants.

When this situation appears, intervention should be denied. The reasons for this rule are thoroughly discussed in Appeal of Philadelphia & Reading Coal & Iron Co. No. 2, 22 D. & C. 475 (1935).

And now, March 17, 1947, for the foregoing reasons, the petition for leave to intervene is dismissed, and the rule granted thereon is discharged.