## Rand v. George Realty Company

*Robert McKinney White*, for plaintiff.

*Wiesen, Cusick & Madden, Cyril T. Garvey* and *Thomas V. Mansell*, for intervening plaintiff.

BRAHAM, P. J., October 15, 1952.—This is a question of the right to intervene under Pa. R. of C. P. 2327. The facts are simple. David J. Rand, in the complaint which initiated the suit, avers that in September 1951 defendant, George Realty Company, by its vice president, Leonard Marx, employed plaintiff to induce Richman Brothers Company to lease defendant's storeroom

in New Castle. Plaintiff says he secured the desired tenant and that, although the lease had been signed, when some further difficulties with reference to the title arose plaintiff at the request of defendant adjusted them. Apparently Richman Brothers Company would not complete the transaction until all possible claims were settled, including any claim by plaintiff for a commission. In order to satisfy Richman Brothers Company defendant specifically undertook to pay plaintiff his commission. This was done by a letter which appears with the complaint as exhibit 1. It is as follows:

"November 17, 1952.

"Mr. David Rand
"Youngstown, Ohio.
"Dear Sir:

"In order to induce you to notify Richman Brothers that your commission claims in respect to their new New Castle lease has been met, we hereby confirm our arrangement that we will pay you a commission of $5000. when as and if Richman open their store for business but that no commission will have been earned by you unless or until they do so.

"George Realty Company
"By Leonard Marx
"Vice President".

Plaintiff further alleges that he mailed to Richman Brothers Company a letter disclaiming any commission and that the lessee went into possession of the property.

Plaintiff's claim is therefore founded upon two bases: First, defendant specifically hired plaintiff to secure a named tenant which service plaintiff rendered; second, defendant for its own purposes and to make sure it got the tenant it wanted, agreed in writing to pay plaintiff's claim.

Marx Realty and Improvement Company, a corporation acting by Leonard Marx, its president, now

desires to intervene in the case brought by Rand, in order to claim that it is entitled to the commission which Rand is suing for. In the complaint which Marx Realty & Improvement Company proposes to file if its claim to intervene is allowed, claimant alleges that "at the special instance and verbal request of the realty company it acted in all respects as agent for the defendant in making a lease between the defendant and Richman Brothers Company".

The problem may be simply stated: May a real estate broker who claims to have been orally employed to act as real estate agent for an owner and to have secured a desired tenant intervene as plaintiff in an action brought by another real estate broker who claims also to have been employed by the owner and to have secured the same tenant and who also attaches to his complaint an explicit written engagement by the owner to pay plaintiff?

In seeking an answer to this question we go first to Pa. Rule of Civil Procedure 2327. This rule allows permissive intervention in four situations, namely when:

(1) The entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

(3) such person could have joined as an original party in the action or could have been joined therein; or

(4) the determination of such action may affect any legally enforcible interest of such person whether or not he may be bound by a judgment in the action. Adopted June 7, 1940. Effective February 3, 1941.

Claimant, Marx Realty and Improvement Company, does not qualify under any of the four categories set up by the rule. It is not liable to be called upon to idemnify George Realty Company if it has to pay plaintiff. It stands in no contractural relation to plaintiff. Balaban v. Howard, 60 D. & C. 209, illustrates an obligation to indemnify. There the vendor of a plaintiff in ejectment was allowed to intervene. Next, claimant will not be adversely affected by the payment of plaintiff's claim because there is no fund or property in the hands of the court to which plaintiff Rand and claimant Marx Realty Company have rival claims. They are merely creditors of the same debtor. Such cases as those involving trusteeship (Northampton Trust Company v. Northampton Traction Co. et al. 270 Pa. 199), bankruptcy (Frey's Estate, 237 Pa. 269), or assessment (Bily, exec., v. Allegheny County Board of Property Assessments, etc., 353 Pa. 49) are typical cases under this section. Again, claimant could not have joined the original action. In the writing by which defendant explicitly agrees to pay plaintiff if plaintiff disclaims as to Richman Brothers Company claimant is not even named. Nor, finally will the determination of plaintiff's case affect claimant's right against defendant. Conceivably defendant has handled its affairs so as to become liable to both real estate brokers.

What was said by the late President Judge Keller in Fisher v. Stevens Coal Company et al., 136 Pa. Superior Ct. 394, 409, is pertinent here:

"Each of the parties contracting with Stevens Coal Company is entitled to have its rights under its respective contract litigated with the other party to the contract, and cannot be required to litigate it with one not a party to its contract, to the relief of the Stevens Coal Co."

To be sure, Judge Keller was speaking of interpleader while we are here dealing with intervention but the principle is the same; a plaintiff is entitled to try his own cases and is not to be compelled to have his cause supplanted by, or confused with, the cause of someone else.

This court has already come to the conclusion that interpleader will not lie to compel the joinder of the suit of one real estate broker for a commission with that of a rival real estate broker who claims to have made the same sale and has already brought suit therefor. This conclusion was reached in Leach et al. v. Brothers et al., 44 D. & C. 438. The same reasoning applies where intervention is sought in such case: Tonkonogy v. Levin et al., 106 Pa. Superior Ct. 448.

In pressing its claim Marx Realty and Improvement Company argues that only one commission should be paid. However, the writing signed by defendant gives plaintiff the right to $5,000, provided he withdraws all claim against Richman Brothers for a commission and it does not matter whether defendant has obligated itself to someone else or not. Claimant argues also that intervention will prevent a multiplicity of suits. However, the court must deal justly with plaintiff and his cause. He says it was Leonard Marx who signed as officer of defendant the specific agreement to pay plaintiff. It will not do to allow another corporation of which Marx is president now to come in and set up a claim in direct contradiction of the writing which plaintiff says Marx signed.

Entertaining these views we make the following

*Order of Court*

Now, October 15, 1952, the petition of Marx Realty and Improvement Company to intervene in this action is refused and dismissed and the rule granted on July 7, 1952, is discharged at the cost of petitioner.