**Commonwealth ex rel. McEwen v. Cleary**

*Stephen J. McEwen, Jr.*, District Attorney, and *John T. Mulligan*, for plaintiff.

*Robert J. Jackson, Samuel E. Dennis* and *Walter W. Rabin*, for intervenors.

CATANIA, J., November 2, 1972.—We are faced, in this case, with an attempt, through a complaint in mandamus filed by the Commonwealth of Pennsylvania on the relation of Stephen J. McEwen, the District Attorney for Delaware County, to compel the zoning officer of Haverford Township and the township commissioners to (a) revoke a building permit allegedly violating the zoning ordinance; (b) institute an action to enjoin the builders from violating the zoning ordinance; (c) institute an action to enjoin alleged violations of the building permit as issued; and (d) enforce the Haverford Township Zoning Ordinance by all means under the law.

A brief review of the background of this case is in order. The dispute centers on development of garden apartments on a tract of land herein called the "Madway Tract." On April 13, 1970, the tract was rezoned by Haverford Township, after public notice and hearings. The procedure by which the rezoning was accom-

plished was challenged by the Ardmore Manor Civic Association and summary judgment was entered in favor of defendants in Ardmore Manor Civic Association et al. v. Township of Haverford, no. 5087 of 1970, affirmed 2 Comm. Ct. 161 (1971).

Within a year, the civic association and others brought an action in mandamus requesting that this court compel the Haverford Township Zoning Hearing Board to hear an appeal from the building inspector's granting of a building permit. In Ardmore Manor Civic Association et al. v. William T. Robinson, Jr., et al., no. 5505 of 1971, this court held that the civic association had failed to resort to its statutory remedies and could not bring an action in mandamus in avoidance thereof. Said statutory remedy arose from the rejection of an appeal to the zoning hearing board, issued April 14, 1971, which gives right to an appeal to the Court of Common Pleas within 30 days of the decision of the board: Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805, 53 PS §10101, et seq., June 1, 1972, P. L. 238, at sections 1001 to 1004, 53 PS §§11001 to 11004.

This action now brings a third attempt, by a slightly different avenue, to accomplish the same ends sought in the above two cases.

The intervenors in this case, Ardmore Associates, the builder, and Colonial Mortgage Service Company, the financier, have brought preliminary objections.

There are two threshold questions that must first be discussed. Plaintiff alleges that intervenors may not bring preliminary objections; that intervenors must "take the suit as he finds it": Sailor Planing Mill & Lumber Company v. Moyer, 35 Pa. Superior Ct. 503 (1908); Kittanning Country Club's Liquor License Case, 124 Pa. Superior Ct. 582 (1937).

In Sailor, the intervenor set forth a complete defense

for a nonappearing defendant. In reversing, the Superior Court held that the intervenor could defend only to the extent of his own interests, i.e., that the property involved was owned by the intervenors and not defendant.

The Kittanning situation involved intervenors seeking to strike an appeal to the Liquor Control Board, granted as a matter of right after the appeal had been granted. Thus, the intervenors "took the suit as it stands" and were denied their request.

Intervenors have been allowed to raise preliminary objections even after the answer has been filed: New York State Natural Gas Company v. Pipe Line Construction & Drilling Company, 4 Lyc. 47 (1953).

The intervenors have a clear right to file preliminary objections pursuant to the Pennsylvania Rules of Civil Procedure. Rule 2328 provides that attached to a petition to intervene shall be copies of pleadings to be entered if allowed to intervene, and rule 2330(a) gives an intervenor ". . . all the rights and liabilities of a party to the action." Further, rule 1017(b) gives a party the right to file preliminary objections.

There can be no doubt that an intervenor may file preliminary objections to a complaint before an answer has been filed where there is sufficient interest in the intervenor.

The case law noted above limits that right, but only in circumstances not present here. It would appear that the phrase "takes the suit as it stands" may apply in various senses. Sailor uses it to disallow the intervenor's defense of a nonappearing party, beyond the intervenor's own interest. Kittanning and New York State Natural Gas, however, emphasize issues of timing, substantive rights and importance.

This suit stands in the proper time sequence for preliminary objections. Mandamus, being an extraor-

dinary remedy, does not carry an automatic right to trial as the hearing in Kittanning. But most importantly, the intervenors have relied on the acts of defendants and the decisions of this court, committing significant time and money in the belief that defendants have properly fulfilled their responsibilities. It is certainly in their interest to argue that mandamus will not lie, and following the Rules of Civil Procedure, raise preliminary objections.

The second threshold issue is whether the district attorney has been the true complainant in this matter or has improperly delegated his authority as alleged by the intervenors.

It has been held that a private attorney may not prosecute a matter as a delegate of the district attorney: Commonwealth ex rel. Shumacker v. New York & Pennsylvania Company, Inc., 378 Pa. 359 (1954). But also, the district attorney's signing of the complaint cured any defect in his not signing an affidavit: Erie Anti-Tuberculosis Society v. Willis, 322 Pa. 97 (1936).

It does not appear to us that the authority to prosecute this matter has been improperly delegated. The complaint and all further answers to petitions to intervene, preliminary objections, etc., have been signed by the district attorney.

It is the opinion of this court that the preliminary objections of the intervenors must be sustained. It is well known that "Mandamus is an extraordinary remedy and the writ will issue only where there is a clear right in the plaintiff, a corresponding duty on the part of the defendant, and a want of any other adequate, appropriate, and specific remedy": Mellinger v. Kuhn, 388 Pa. 83, 84, 85 (1957).

Plaintiff argues at length that the zoning officer has a duty, without discretion, to enforce the zoning

ordinances. Indeed the Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805, 53 PS §10101, et seq., at section 614, 53 PS §10614, says in part:

"The zoning officer shall administer the zoning ordinance in accordance with its literal terms, and shall not have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance."

The code provides a remedy to a failure of the zoning officer to enforce the ordinances in section 909, 53 PS §10909, of the code, supra:

"The board shall hear and decide appeals where it is alleged by the appellant that the zoning officer has failed to follow prescribed procedures."

It is clear that the office of the district attorney is not endowed with any special attributes sufficient to make that office a zoning hearing board. Indeed, the complaint clearly denies said special power, stating in item 4:

"4. Plaintiff brings this action in order to seek determination of, and enforcement of, the rights of the citizens of Haverford Township in the Commonwealth of Pennsylvania, upon complaint of said citizens and because said citizens have no other adequate remedy to enforce said Zoning Ordinance."

A remedy *has* been provided by statute for the alleged improper action by the zoning officer. Indeed, the interested citizens who compose the Ardmore Manor Civic Association did pursue that remedy, but failed to follow the course available on rejection of their appeal.

We cannot hold that a decision by a quasi-judicial body and failure to pursue relief therefrom is a condition equating "no adequate remedy at law." As stated

above, a writ of mandamus is an extraordinary remedy.

The public interest in the necessity that public officers perform their duty is great. It is for that reason that a writ brought in relation of the district attorney is provided. Indeed, plaintiff argues that "no other action than mandamus may be brought on behalf of the Commonwealth to compel such a duty."

This assertion is worthy of further consideration. A writ of mandamus is brought in relation of the district attorney to seek correction of a wrong done the public in general. It is distinguished from similar action brought by a private party, in that such a private action requires special injury. See Commonwealth ex rel. The Attorney General v. Mathues, 210 Pa. 372 (1904). If, then, it is a public wrong, the question of whether a remedy is available must involve a public remedy. Thus, the question becomes whether the general public may obtain relief other than through mandamus, not whether the Commonwealth can institute any other action. In the instant case, the public interest is protected by a system of appeals articulately and succinctly set forth by statute.

For the reasons set forth above, the preliminary objections of the intervenors are sustained and no discussion of any other issue raised by the parties need be made.

## ORDER

And now, to wit, November 2, 1972, the preliminary objections of the intervenors are sustained and the complaint is dismissed.